UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISRAEL GARCIA, JR. AND MELISSA R. GARCIA<br><br>Plaintiffs,<br><br>v.<br><br>JENKINS BABB, LLP, ROBERT E. JENKINS, JASON BABB, PRIMARY FINANCIAL SERVICES, MARGARET MORRISSEY, CHRIS GILBERT, DUSTIN T. DUDLEY, ATTORNEY AT LAW, DUSTIN T. DUDLEY, AND BILLI J. (GENESER) GANNON<br><br>Defendants | Civil Action No. 11-cv-3171-N |

### DEFENDANT, BILLI JO GANNON'S
### MOTION FOR SUMMARY JUDGMENT
### AND MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW BILLI JO GENESER-GANNON ("Defendant" or "Gannon"), Defendant in the above-styled and numbered cause, and files this Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) and in response to the allegations raised by Plaintiffs, Israel Garcia, Jr. and Melissa R. Garcia ("Garcia" or "Plaintiffs"), would respectfully show unto the Court the following:

### I.
### PERTINENT FACTS

1. Wells Fargo loaned a sum of money to Garcia. On or about January 22, 2007, Garcia executed a Personal Loan Agreement in the original principal sum of $30,000.00 (Loan No. xxxxxx0001) which Garcia agreed to repay to Wells Fargo with interest at the rate of 13%. *See Exhibit "B" – Geneser-Gannon's Affidavit in Support of Motion for Summary Judgment*

*paragraph 6*. Plaintiffs defaulted on the loan. *Id.* at paragraph 8.

2. The facts that Defendant can discern from Garcia's Amended Complaint filed in the Dallas Division of the Northern District of Texas are follows:

3. On March 31, 2011, Wells Fargo served Garcia with a lawsuit filed in Texas state court, Cause No. 82476. The lawsuit sought to collect the debt owed by Plaintiffs to Wells Fargo. *See Paragraph 35 of Plaintiffs' Amended Complaint* [Docket No. 6].

4. On August 15, 2011, Wells Fargo filed its Motion for Summary Judgment in the state court litigation. *See Paragraph 37 of Plaintiffs' Amended Complaint* [Docket No. 6].

5. Wells Fargo supported its Motion for Summary Judgment with the Affidavit of Billi Joe Geneser-Gannon, a Defendant herein, a credit manager personally familiar with the facts and authorized to execute the Affidavit on behalf of Wells Fargo. *See Paragraph 38 of Plaintiffs' Amended Complaint* [Docket No. 6].

6. Garcia opposed summary judgment and filed an Affidavit in opposition to Wells Fargo's Motion for Summary Judgment. *See Paragraph 46 of Plaintiffs' Amended Complaint* [Docket No. 6].

7. On October 5, 2011, after considering Garcia's and Wells Fargo's evidence, including, but not limited to Gannon's Affidavit, in the state court litigation, the state court entered summary judgment in favor of Wells Fargo in the amount of $18,993.12 plus interest and attorneys' fees and costs. *See Paragraph 57 of Plaintiffs' Amended Complaint* [Docket No. 6] *and Exhibit "A" – Final Judgment paragraph 3*.

8. Garcia alleges in this litigation that Gannon's affidavit in support of Wells Fargo's Motion for Summary Judgment in the state court litigation and other associated documents associated with the state court case induced the state court to unlawfully enter

summary judgment against Garcia. *See Paragraph 49 of Plaintiffs' Amended Complaint* [Docket No. 6].

## II.
## STANDARD OF REVIEW

### A. SUMMARY JUDGMENT STANDARD

9. Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment if it can establish that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). Summary judgment is appropriate where the only issue before the court is a question of law. *Sheline v. Dun & Bradstreet Corp.*, 948 F.2d 174, 176 (5th Cir. 1991). Summary judgment is also proper upon a showing that evidence of an essential element of Plaintiffs' claim is wholly lacking. *Marshall Indep. Sch. Dist. v. U.S. Gypsum Co.*, 790 F. Supp. 1291 (E. D. Tex. 1992); *In re Hydro Action*, 341 B.R. 186, 193 (Bankr. E.D. Tex. 2006).

### B. 12(b)(6) STANDARD

10. "When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief." *Biliouris v. Sundance Resources, Inc.*, 559 F. Supp. 2d 733, 735 (N.D. Tex. 2008) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)). A motion to dismiss pursuant to Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2). Under Rule 8(a)(2), "a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009) (*citing* Fed. R. Civ. P. 8(a)(2)). This pleading standard "does not require detailed factual allegations, but it demands more than the unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "A pleading that offers labels and

conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.*

11. To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter "to state a claim that is plausible on its face." *Id.*; *Lindquist v. City of Pasadena, Tex.*, 525 F.3d 383, 386 (5th Cir. 2008). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Well-pleaded facts are accepted as true; legal conclusions, unwarranted inferences, unreasonable conclusions, and arguments are not. *Iqbal*, 129 S. Ct. at 1949–50; *Johnson v. Portfolio Recovery Associates, LLC*, 682 F. Supp. 2d 560, 567 (E.D. Va. 2009). Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Blackburn*, 42 F.3d at 931.

12. A Motion to Dismiss pursuant to 12(b)(6) is appropriate only if Plaintiffs have not provided fair notice of its claims and factual allegations that, when accepted as true, are plausible and rise above mere speculation. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007).

13. Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Id.*; *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

14. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft* at 1949.

15. Facts subject to judicial notice may be considered for the purposes of a Rule 12(b)(6) motion. *Mullis v. United States Bankruptcy Court,* 828 F.2d 1385, 1388 (9th Cir. 1987).

## III.
## SUMMARY JUDGMENT EVIDENCE

16. Gannon supports this Motion by the following summary judgment evidence which is attached hereto and incorporated herein by reference:

- Exhibit "A"   Certified Copy of Final Judgment in Cause No. 82476 in the 40th District Court of Ellis County, Texas; and

- Exhibit "B"   Affidavit of Billi Jo Geneser-Gannon filed in Cause No. 82476 in the 40th District Court of Ellis County, Texas.

## IV.
## ARGUMENTS AND AUTHORITIES

**A.   PURSUANT TO THE ROOKER-FELDMAN DOCTRINE, SUMMARY JUDGMENT IN FAVOR OF GANNON IS PROPER BECAUSE GARCIA IMPERMISSIBILY COLLATERALLY ATTACKS THE STATE COURT JUDGMENT, AND GARCIA IS BARRED FROM BRINGING CLAIMS RELATED TO COLLECTION ON THE NOTE WHEN WELLS FARGO PREVIOUSLY SUED FOR AND OBTAINED JUDGMENT ON THE NOTE.**

17. Under the Rooker-Feldman Doctrine ("Rooker-Feldman"), "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Weaver v. Texas Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011); *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). A state court judgment is attacked for purposes of Rooker-Feldman when the [federal] claims are "inextricably intertwined" with a challenged state court judgment or where the losing party in a state court action seeks "what in substance would be appellate review of the state judgment." *Weaver* at 904; *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003); *Johnson v. DeGrandy*, 512 U.S. 997, 1005-6 (1994).

18. In determining the preclusive effect of an earlier state court judgment, federal courts apply the preclusion law of the state that rendered the judgment. *Marrese v. Amer. Acad. Of Orthopedic Surgeons*, 470 U.S. 373, 381 (1985); *Weaver* at 906; 28 U.S.C. §1738. Because a

Texas district court rendered final summary judgment against Garcia on October 5, 2011, Texas preclusion law applies. *See Exhibit "A" – Final Judgment.*

19. "Claim preclusion, or *res judicata*, bars assertion of a claim in a subsequent case when (1) there is a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same **or in privity** with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action" (Emphasis added). *Weaver v. Texas Capital Bank, N.A.*, 660 F.3d 900, 906 (5th Cir. 2011); *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008).

20. *Res judicata* precludes assertion of all claims or defenses that, through diligence, should have been litigated in the prior suit but were not. *Weaver* at 906; *State & Cty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001). The doctrine of *res judicata* bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in the prior suit. *In re Erlwine*, 349 F.3d 205, 210 (5th Cir. 2003).

21. In the state court litigation Wells Fargo Bank, N.A. ("Wells Fargo") was the Plaintiff, and Israel Garcia, Jr. and Melissa R. Garcia were defendants. See *Exhibit "A" – Final Judgment paragraph 1*. The parties in this litigation are Israel Garcia, Jr. and Melissa R. Garcia as Plaintiffs, and Defendants are persons and/or entities in privity with Wells Fargo.

22. Specifically, Defendant, Billi Jo Geneser-Gannon, is a Wells Fargo credit manager. Gannon reviewed Garcia's loan records and executed Wells Fargo's Affidavit in support of Wells Fargo's Motion for Summary Judgment in the state court litigation. *See Exhibit "B" – Gannon's Affidavit in Support of Motion for Summary Judgment.* As an employee of Wells Fargo, Gannon's interests are clearly aligned with the interests of Wells Fargo and vice versa. *Aerojet-General Corp. v. Askew*, 511 F.2d 710, 719 (5th Cir. 1975). As such, Gannon is

clearly in privity with Wells Fargo. *Id.*

23.  Garcia does not dispute that Gannon is an employee of Wells Fargo. Garcia only argues that Gannon does not have the capacity to execute the Affidavit, an argument that the state court clearly discounted by considering Gannon's Affidavit and entering Final Judgment in favor of Wells Fargo. *See Paragraphs 38 to 47 of Plaintiffs' Amended Complaint* [Docket No. 6].

24.  In determining whether two actions are sufficiently related for purposes of *res judicata*, Texas follows a transactional approach. *Weaver v. Texas Capital Bank, N.A.*, 660 F.3d 900, 907 (5th Cir. 2011); *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206-7 (Tex. 1999). To decide whether the two lawsuits arose out of the same transaction or occurrence, a Court must consider several factors together including, but limited to, relatedness in time, space, origin, or motivation and whether, taken together, these factors form a convenient unit for trial purposes. *Weaver* at 907; *Getty Oil Co. v. Ins. Co. of N.A.*, 845 S.W.2d 794, 799 (Tex. 1992).

25.  Where there is a legal relationship such as a lease or a contract, **all** claims arising from that relationship will arise from the same subject matter and be subject to *res judicata*" (emphasis added). *Weaver* at 907; *Sanders v. Blockbuster, Inc.*, 127 S.W.3d 382, 386 (Tex. App.-Beaumont 2004, pet. denied); *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1342-3 (5th Cir. 1996) (finding that previous defendant cannot assert new claims related to a contract that was subject of the previous litigation). **A previous defendant is barred from bringing claims related to collection on a Note when the lender previously sued for judgment on the same Note.** *Weaver* at 907; *Jones v. First Bank of Anson*, 846 S.W.2d 107, 108-10 (Tex. App.-Eastland 1992, no writ).

26. Wells Fargo loaned a sum of money to Garcia. *See Exhibit "B" – Gannon's Affidavit in Support of Motion for Summary Judgment paragraph 6*. On or about January 22, 2007, Garcia executed a Personal Loan Agreement in the original principal sum of $30,000.00 (Loan No. xxxxxx0001) which Garcia agreed to repay to Wells Fargo with interest at the rate of 13%. *Id.* Clearly, the state court litigation involved collection on a Note, i.e. a Personal Loan Agreement. As such, Garcia is barred from bringing claims associated with collection on the Personal Loan Agreement when the lender previously sued for and received judgment on the same Personal Loan Agreement.

27. In *Weaver*, the Plaintiff (Weaver) in the federal court litigation was a personal guarantor on a loan to SL Manangement. *Weaver* at 907-8. The lender sued Weaver in Texas state court for collection of sums owed by SL Management based upon Weaver's personal guarantee. *Id.* The Texas state court entered judgment in favor of the lender. *Id.* Weaver then filed suit against the lender in United States District Court alleging that the personal guarantee was of no effect because of the language contained in SL Management's confirmed Chapter 11 Bankruptcy Plan. *Id.*

28. The Fifth Circuit found that Weaver's claim for relief was merely a defense converted into a cause of action that could have and should have been raised in the earlier Texas state court action. *Id.* Because Weaver's federal lawsuit and the lender's action against Weaver in state court arose from the same transaction, the claims brought in the federal court suit needed to be raised as a defense in the state court litigation. *Id.* The Fifth Circuit described Weaver's federal court lawsuit as wasteful and found that such litigation embodied the importance of many of the policy rationales of *res judicata* which include, but are not limited to, the need to prevent vexatious litigation and judicial economy. *Id.* at 908. Weaver could not bring a separate claim

for relief in United States District Court, and *res judicata* bars Weaver's claims. *Id.*

29. Garcia's lawsuit in this Court is analogous to *Weaver*. Garcia's allegations and causes of action herein are, in reality, defenses that Garcia must raise in the state court litigation, not as separate claims in this litigation.

30. Wells Fargo received Final Judgment on October 5, 2011, and on November 16, 2011, Plaintiffs filed this litigation. This litigation is inextricably intertwined with the state court litigation. *Weaver* at 904 and 907; *Getty Oil Co. v. Ins. Co. of N.A.*, 845 S.W.2d 794, 799 (Tex. 1992). It clearly related in time, space, origin, and motivation. *Id.*

31. Garcia was required under the law to raise these issues in connection with the state court litigation. *Id.* Garcia either failed to do so, or, if Garcia did raise these defenses, they were overruled when the state court entered Final Judgment for Wells Fargo. Either way, Garcia's causes of action herein are barred.

32. Garcia makes wild, unsubstantiated allegations against all Defendants in this litigation that arise out of the Personal Loan Agreement. Prevailing law required Garcia to raise these claims and allegations in the state court litigation, not in a separate suit in this Court. *Res judicata* bars Garcia from asserting claims in this Court. The state court (i) considered the facts set forth in Gannon's Affidavit, (ii) took judicial notice "of the entire contents of the Court's file and all matters in controversy, of fact as well as law, [that] were submitted to the Court," and (iii) considered Garcia's defenses, Garcia's opposition to summary judgment, Garcia's Affidavit opposing summary judgment, and Garcia's oral arguments and representations at the hearing. *See Exhibit "A" – Final Judgment paragraph 1 and Paragraph 46 of Plaintiffs' Amended Complaint* [Docket No. 6]. Garcia appeared in person at the state court's hearing on Wells Fargo's Motion for Summary Judgment. *See Paragraph 56 of Plaintiffs' Amended Complaint*

[Docket No. 6]. Despite Garcia's defenses and written and oral opposition, the state court entered Final Judgment in favor of Wells Fargo. *See Exhibit "A" – Final Judgment paragraph 2.*

33.    Because *res judicata* bars Garcia from bringing this litigation, this Court should grant summary judgment in favor of Defendant, Billi Jo Geneser-Gannon as a matter of law.

**B.    PLAINTIFFS CLAIMS UNDER THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA") SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

34.    Plaintiffs simply allege, without elaboration, that "the aforementioned conduct violates the FDCPA." *See Paragraph 60 of Plaintiffs' Amended Complaint* [Docket No. 6]. Plaintiffs' FDCPA cause action is not adequately, specifically, or properly pleaded.

35.    Plaintiffs' First Amended Complaint [Docket No. 6] should give Defendant fair notice of the essence of Plaintiffs' claim. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). In this instance, Plaintiffs' First Amended Complaint [Docket No. 6] fails to do so. Instead, Plaintiffs simply make conclusory allegations and allege unsupported facts and/or law.

36.    Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Plaintiffs do not state a claim under the FDCPA upon which relief can be granted. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

37.    Gannon is not a "debt collector" as it is defined under the FDCPA. 15 U.S.C. §1692a(6)(A). The term "debt collector" does not include "any officer or employee of a creditor

while, in the name of the creditor, collecting debts for such creditor." *Id. Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985). Gannon is an employee of Wells Fargo who executed an Affidavit in support of Wells Fargo's Motion for Summary Judgment in the state court litigation. Plaintiffs do not allege, nor can they allege, that Gannon was not acting in her role as a Wells Fargo credit manager when Gannon executed the Affidavit associated with the state court litigation.

38. The term "debt collector" also does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity...concerns a debt which was originated by such person." 15 U.S.C. §1692a(6)(F). Plaintiffs do not allege, nor can they allege, that their loan did not originate with Wells Fargo. Because Plaintiffs' loan originated with Wells Fargo, and Wells Fargo was attempting to collect the debt, Wells Fargo is not a "debt collector" under the FDCPA. *Id.*

39. Because Gannon is not a debt collector as it defined under the FDCPA and because Plaintiffs do not properly allege a cause of action under the FDCPA, Plaintiffs' FDCPA cause of action fails as a matter of law. This Court should dismiss Plaintiffs' FDCPA claim with prejudice pursuant to FRCP 12(b)(6).

**C.   PLAINTIFFS CLAIMS UNDER THE TEXAS DEBT COLLECTION ACT ("TDCA") SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

40. To support their alleged TDCA cause of action, Plaintiffs allege that Defendants violated the TDCA by using false representations or deceptive means to collect a debt or obtain information concerning a consumer in violation of Texas Finance Code §392.304(a)(19). *See Paragraph 62 of Plaintiffs' Amended Complaint* [Docket No. 6]. Plaintiffs' TDCA cause action is not adequately, specifically, or properly pleaded.

41.     Plaintiffs' First Amended Complaint [Docket No. 6] should give Defendant fair notice of the essence of Plaintiffs' claim. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). In this instance, Plaintiffs' First Amended Complaint [Docket No. 6] fails to do so and instead simply makes conclusory allegations and alleges unsupported facts and/or law.

42.     Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Plaintiffs do not state a claim under the TDCA upon which relief can be granted. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

43.     In that same vein, the state court has already closed the book on the validity of Gannon's Affidavit in Support of Wells Fargo's Motion for Summary Judgment. The state court granted Final Judgment based, in part, on Gannon's Affidavit. *See Exhibit "A" – Final Judgment paragraph 3*. The state court weighed the evidence and clearly found Gannon's Affidavit to be persuasive. *Id.* Plaintiffs cannot now come into this Court alleging that Gannon's Affidavit in some way violates the TDCA because it is an impermissible attack on the state court judgment. *Weaver* at 904 and 907; *Getty Oil Co. v. Ins. Co. of N.A.*, 845 S.W.2d 794, 799 (Tex. 1992).

44.     Because Plaintiffs do not properly allege a cause of action under the TDCA, Plaintiffs' TDCA cause of action fails as a matter of law. This Court should dismiss Plaintiffs' TDCA claim with prejudice pursuant to FRCP 12(b)(6).

**D.   PLAINTIFFS CLAIMS UNDER THE DECEPTIVE TRADE PRACTICES ACT ("DTPA") SHOULD BE DISMISSED BECAUSE PLAINTIFFS FAIL TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED.**

45.   To support their alleged DTPA cause of action, Plaintiffs, citing Texas Finance Code §392.404(a), allege that a violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the DTPA and is actionable under the DTPA. *See Paragraph 64 of Plaintiffs' Amended Complaint* [Docket No. 6]. Plaintiffs' DTPA cause action is not adequately, specifically, or properly pleaded.

46.   Plaintiffs' First Amended Complaint [Docket No. 6] should give Defendant fair notice of the essence of Plaintiffs' claim. *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). In this instance, Plaintiffs' First Amended Complaint [Docket No. 6] fails to do so and instead simply makes conclusory allegations and alleges unsupported facts and/or law.

47.   Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-6 (2007); *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). Plaintiffs do not state a claim under the DTPA upon which relief can be granted. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

48.   Because Plaintiffs do not properly allege a cause of action under the DTPA, Plaintiffs' DTPA cause of action fails as a matter of law. This Court should dismiss Plaintiffs' DTPA claim with prejudice pursuant to FRCP 12(b)(6).

E.  **PLAINTIFFS HAVE NO RIGHT TO RELIEF UNDER THE DTPA BECAUSE PLAINTIFFS ARE NOT CONSUMERS AS DEFINED BY THE STATUTE.**

49. Plaintiffs must qualify as consumers in order to have standing to bring an action under the DTPA. *Mendoza v. American Nat'l Ins. Co.*, 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no writ). "A person qualifies as a consumer under the DTPA my meeting two requirements: (1) the person must seek or acquire goods or services by lease or purchase and (2) the goods or service sought or acquired must form the basis of the person's complaint." *Emery v. Wachovia Bank, N.A.*, 2011 WL _____; Civil Action No. H-10-cv-2213 *29-30 (S. D. Tex. December 21, 2011); *Melody Home Manufacturing Co. v. Barnes*, 741 S.W.2d 349, 351-2 (Tex. 1987); TEX. BUS. COM. CODE §17.45(4). Whether a person meets these requirements is a question of law. *Emery* at *30; *Johnson v. Walker*, 824 S.W.2d 184, 187 (Tex. App-Fort Worth 1991, writ denied).

50. The Fifth Circuit has ruled that a loan transaction is not covered under the DTPA. *Walker v. FDIC*, 970 F.2d 114, 123-4 (5th Cir. 1992); *Emery* at *30. It is well recognized that borrowing money does not constitute the acquisition of a good or service. *La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558-567 (Tex. 1984); *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705 (Tex. 1983); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174-75 (Tex. 1980). Generally, a person cannot qualify as a consumer if the underlying transaction is a loan because money is not considered a good or a service. *Emery* at *30; *Riverside* at 173-6.

51. Plaintiffs do not dispute that Wells Fargo loaned Plaintiffs a sum of money. Garcia executed a Personal Loan Agreement agreeing to repay the loan to Wells Fargo. Garcia defaulted on his obligations under the Personal Loan Agreement. *See Exhibit "B" – Geneser-*

*Gannon's Affidavit in Support of Motion for Summary Judgment paragraph 8.* Under these facts, Garcia is not a consumer under the DTPA.

52. Because Garcia cannot claim "consumer" status as a matter of law, Garcia cannot maintain a cause of action under the Texas DTPA statutes. This Court should dismiss Plaintiffs' DTPA claim with prejudice pursuant to FRCP 12(b)(6).

## V.
## CONCLUSION

53. Based upon the foregoing, Garcia has failed to state any claims upon which this Court may grant relief against Billi Jo Geneser-Gannon.

54. Billi Jo Geneser-Gannon requests that this Court grant summary judgment against Plaintiffs, Israel Garcia, Jr. and Melissa R. Garcia.

55. Alternatively, Billi Jo Geneser-Gannon requests that this Court dismiss Plaintiffs' claims and causes of action pursuant to FRCP 12(b)(6).

## VI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Billi Jo Geneser-Gannon respectfully requests, for the reasons as stated above, that this Court grant summary judgment and/or dismiss Plaintiffs' claims and causes of action, and for such other and further relief at law, and in equity, as is just.

Respectfully submitted,

By: //s// George A. Kurisky, Jr.
GEORGE A. KURISKY, JR.
SBT No: 11767700

OF COUNSEL:

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

BRANCH M. SHEPPARD
SBT No. 24033057
4 Houston Center
1221 Lamar Street, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 – Facsimile
gkurisky@jdkklaw.com – Email

**ATTORNEYS FOR DEFENDANT,
BILLI JO GENESER-GANNON**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for Summary Judgment and Motion to Dismiss Pursuant to FRCP 12(b)(6) has been served on the following on January 3, 2012.

*Via Certified Mail Return Receipt Requested and First Class Mail*
ISRAEL GARCIA, JR.
MELISSA R. GARCIA
115 EVENING STAR CIRCLE
RED OAK, TEXAS 75154

                                           //s// George A. Kurisky, Jr.
                                           George A. Kurisky, Jr.