UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ISRAEL GARCIA, JR. AND MELISSA R. GARCIA**<br><br>    Plaintiffs,<br><br>    v.<br><br>**JENKINS BABB, LLP, ROBERT E. JENKINS, JASON BABB, PRIMARY FINANCIAL SERVICES, MARGARET MORRISSEY, CHRIS GILBERT, DISTIN T. DUDLEY, ATTORNEY AT LAW, DUSTIN T. DIDLEY, AND BILLI J. (GENESER) GANNON**<br><br>    Defendants | Civil Action No.  11-cv-3171-N |

**ORIGINAL ANSWER OF DEFENDANT, BILLI JO GENESER-GANNON TO PLAINTIFFS' AMENDED COMPLAINT**
<u>**SUBJECT TO MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, BILLI JO GENESER-GANNON ("Gannon" or "Defendant"), Defendant in the above-styled and numbered cause, and files this Original Answer to Plaintiffs' Amended Complaint (the "Complaint") filed by Israel Garcia, Jr. and Melissa R. Garcia ("Plaintiffs") Subject to Motion to Dismiss Pursuant to FRCP 12(b)(6) and, in support hereof, would respectfully show this Honorable Court the following:

**I.**
<u>**ADMISSIONS & DENIALS**</u>

1.    Defendant admits the allegations in paragraph 1 of the Complaint only to the extent that Plaintiffs allege that they have incurred damages under the FDCPA, TDCA, and DTPA. Defendant denies any inference that (i) Plaintiffs have actually incurred damages, (ii)

Plaintiffs have a right to relief under these statutes or through this litigation, and (iii) Defendant has actually violated these statutes.

2. Defendant admits the allegations in paragraph 2 of the Complaint only to the extent that Plaintiffs allege that they have incurred damages under the FDCPA, TDCA, and DTPA. Defendant denies any inference that (i) Plaintiffs have actually incurred damages, (ii) Plaintiffs have a right to relief under these statutes or through this litigation, and (iii) Defendant has actually violated these statutes.

3. Defendant denies the allegations in paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 4 of the Complaint; accordingly, same is denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 5 of the Complaint; accordingly, same is denied.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 6 of the Complaint; accordingly, same is denied.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 7 of the Complaint; accordingly, same is denied.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 8 of the Complaint; accordingly, same is denied.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 9 of the Complaint; accordingly, same is denied.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 10 of the Complaint; accordingly, same is denied.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 11 of the Complaint; accordingly, same is denied.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 12 of the Complaint; accordingly, same is denied.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 13 of the Complaint; accordingly, same is denied.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 14 of the Complaint; accordingly, same is denied.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 15 of the Complaint; accordingly, same is denied.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 16 of the Complaint; accordingly, same is denied.

17. In paragraph 17 of the Complaint, Defendant denies that Defendant was the author of the affidavit. Defendant executed the affidavit and attested that she had personal knowledge of the facts stated therein and that such facts were true and correct. Defendant admits the remaining allegations in paragraph 17 of the Complaint.

18. Defendant denies the allegations in paragraph 18 of the Complaint.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 19 of the Complaint; accordingly, same is denied.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 20 of the Complaint; accordingly, same is denied.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 21 of the Complaint; accordingly, same is denied.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 22 of the Complaint; accordingly, same is denied.

23. Defendant denies the allegations in paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 24 of the Complaint; accordingly, same is denied.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 25 of the Complaint; accordingly, same is denied.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 26 of the Complaint; accordingly, same is denied.

27. Defendant denies the allegations in paragraph 27 of the Complaint.

28. Defendant denies the allegations in paragraph 28 of the Complaint.

29. Defendant denies the allegations in paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 30 of the Complaint; accordingly, same is denied.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 31 of the Complaint; accordingly, same is denied.

32. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 32 of the Complaint; accordingly, same is denied.

33. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 33 of the Complaint; accordingly, same is denied.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 34 of the Complaint; accordingly, same is denied.

35.     In paragraph 35 of the Complaint, Plaintiff admits that the suit filed in Ellis County District Court was an attempt to collect the same debt referenced in the demand from Jenkins Babb.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35 of the Complaint; accordingly, same are denied.

36.     Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 36 of the Complaint; accordingly, same is denied.

37.     Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 37 of the Complaint; accordingly, same is denied.

38.     Defendant admits the allegations in paragraph 38 of the Complaint.  Defendant denies any inference in paragraph 38 that Defendant's affidavit was, in some way, defective.

39.     Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 39 of the Complaint; accordingly, same is denied.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

42.     Defendant denies the allegations in paragraph 42 of the Complaint.

43.     Defendant denies the allegations in paragraph 43 of the Complaint.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 46 of the Complaint; accordingly, same is denied.

47.     Defendant denies the allegations in paragraph 47 of the Complaint.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

49. Defendant denies the allegations in paragraph 49 of the Complaint.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 50 of the Complaint; accordingly, same is denied.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 51 of the Complaint; accordingly, same is denied.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 52 of the Complaint; accordingly, same is denied.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 53 of the Complaint; accordingly, same is denied.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 54 of the Complaint; accordingly, same is denied.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 55 of the Complaint; accordingly, same is denied.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 56 of the Complaint; accordingly, same is denied.

57. In paragraph 57 of the Complaint, Defendant admits that the state court entered summary judgment in favor of Wells Fargo in the amount of $18,993.12 plus interest and attorneys' fees and cost. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 of the Complaint; accordingly, same are denied.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth of paragraph 58 of the Complaint; accordingly, same is denied.

59. There are no allegations to admit or deny in paragraph 59.

60. Defendant denies the allegations in paragraph 60 of the Complaint and paragraph 60's subparts (a) through (f) contained in the "wherefore" paragraph.

61. There are no allegations to admit or deny in paragraph 61.

62. Defendant denies the allegations in paragraph 62 of the Complaint and paragraph 62 subpart (a) and subparts (a) through (f) contained in the "wherefore" paragraph.

63. There are no allegations to admit or deny in paragraph 63.

64. Defendant denies the allegations in paragraph 64 of the Complaint.

65. Defendant denies the allegations in paragraph 65 of the Complaint and paragraph 65's subparts (a) through (f) contained in the "wherefore" paragraph.

## II.
## AFFIRMATIVE DEFENSES

66. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the defense that Plaintiffs' claims are barred by contract.

67. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the defense of estoppel.

68. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the defense of waiver.

69. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the defense of *res judicata*.

70. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the defense that she is not a "debt collector" as the term is defined under the FDCPA.

71. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the defense that the Texas DTPA is not applicable to this litigation or the underlying debt.

72. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the defense that Plaintiffs have brought suit in this Court to impermissibly collaterally attack a state court Final Judgment in violation of the Rooker-Feldman Doctrine.

73. Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the defense of justification.

74. Defendant reserves the right to amend this Response to assert other and further defenses.

## III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, Billi Jo Geneser-Gannon, prays that:

(1) Plaintiffs take nothing by reason of this suit; and

(2) Defendant be awarded such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully Submitted,

By: //s// George A. Kurisky, Jr.
George A. Kurisky, Jr.
TBA No. 11767700

**OF COUNSEL:**

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

Branch M. Sheppard
TBA No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 - Facsimile

**ATTORNEYS FOR DEFENDANT,
BILLI JO GENESER-GANNON**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing Answer Subject to Motion to Dismiss has been served on the following on January 3, 2012.

***Via Certified Mail Return Receipt Requested and First Class Mail***
ISRAEL GARCIA, JR.
MELISSA R. GARCIA
115 EVENING STAR CIRCLE
RED OAK, TEXAS 75154

                                                                                     _//s// George A. Kurisky, Jr.
                                                                                     George A. Kurisky, Jr.