UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISRAEL GARCIA, JR. AND MELISSA R. GARCIA<br><br>**Plaintiffs,**<br><br>v.<br><br>JENKINS \| BABB, LLP, ROBERT E. JENKINS, JASON BABB, PRIMARY FINANCIAL SERVICES, MARGARET MORRISSEY, CHRIS GILBERT, DUSTIN T. DUDLEY, ATTORNEY AT LAW, DUSTIN T. DUDLEY, AND BILLI J. (GENESER) GANNON<br><br>**Defendants** | Civil Action No. 3:11-cv-03171-N-BH |

## DEFENDANT JASON BABB'S
## MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) AND BRIEF

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW JASON BABB (referred to hereinafter as "Babb" or "Defendant"), one of the defendants in the above-styled and numbered cause and files this Motion to Dismiss Pursuant to FRCP 12(b)(6) and hereby moves for dismissal of Plaintiffs Israel Garcia, Jr.'s and Melissa R. Garcia's (referred to collectively hereinafter as "Plaintiffs") attempted claims against Babb, and respectfully shows unto the Court the following:

### I. Procedural History and Statement of Underlying Facts

1. The sole allegation against Babb appearing in Plaintiffs' Amended Complaint is as follows:

> At all times relevant to this action BABB, as principal of JENKINS/BABB was aware or should have been aware of the actions taken by JENKINS and JENKINS/BABB and is liable in all respects for damages incurred by Plaintiffs as a result of their actions.

*See* Amended Complaint [Docket No. 6], ¶52.

## II. Standard of Review

2. Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). "To survive a Rule 12(b)(6) motion, Plaintiffs must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court must accept all of a plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (quoting *Twombly*, 550 U.S. at 555 (2007)).

3. A complaint cannot withstand a motion to dismiss if no relief could be granted under any set of facts consistent with the allegations. *See Id.*; *Meadowbriar Home for Children, Inc. v. Gunn*, 81 F.3d 521, 529 (5th Cir. 1996); *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48, 49 (5th Cir. 1995). Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Rather, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly*, 550 U.S. at 556).

4. Although well-pleaded facts are viewed in the light most favorable to the plaintiffs, **"conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."** *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citing *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278 (5th Cir. 1993)). Notably, when deciding a motion to dismiss, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. As a

result, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950.

5. The Supreme Court has noted courts must follow a two-step process in evaluating whether a complaint satisfies the pleading rules. First, the trial court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth" and disregard them when taking factual allegations as true. *Iqbal*, 129 S. Ct. at 1950. Second, when left with the "nub" of the complaint after legal conclusions have been disregarded, the court should determine whether the remaining allegations "state[] a plausible claim for relief." *Id.*

6. A survey of district courts across the country shows numerous courts have followed the clarified guidelines of *Twombly* and *Iqbal* to weed out defective FDCPA actions that lack facial plausibility by dismissing those claims that merely contain formulaic allegations. For example:

> *Jackson v. ASA Holdings, LLC*, 751 F.Supp.2d 91 (D.C. Nov. 8, 2010) (dismissing section 1692d claim where complaint "does little more than parrot the language of the statute in conclusory fashion"); *Brown v. Hosto & Buchan, PLLC*, 748 F.Supp.2d 847 (W.D. Tenn. 2010) (dismissing section 1692c(a)(2) claim that merely recited "the statutory language almost word for word."); *Franke v. Global Credit and Collection Corp.*, No. 3:10-cv-1535 (D. Conn. Nov. 1, 2010) (dismissing complaint as "bare of any specific facts that would support a claim" under sections 1692d-g); *Sierra v. Rubin & Debski, P.A.*, 2010 WL 4384216, *2-3 (S.D. Fla. Oct. 28, 2010) (allegations that collector filed suit with proper documentation to support the debt did not state a claim under section 1692d or 1692f); *Lopez v. Rash Curtis & Assoc.*, No. 2:10-cv-01173-MCE-KJM (E.D. Cal. Dec. 1, 2010) (allegations that defendant was a "debt collector" who falsely threatened to sue, garnished the plaintiff's wages and added $10,000 in legal fees to the debt did not state a claim under section 1692e or 1692f); *Clemente v.*

*IC Systems, Inc.*, 2010 WL 3855522, *1-2 (E.D. Cal. Sept. 29, 2010) (allegations that Plaintiff does not owe the money, yet Defendant "constantly and continuously places collection calls seeking and demanding payment" and "hangs up before Plaintiff or Plaintiff's voicemail answers" failed to state a claim under section 1692d(5) of the FDCPA: "defendants cannot be expected to craft a responsive pleading when plaintiff fails to allege the date or contents of even one call that defendant allegedly made.") (citation and quotation marks omitted); *Velazquez v. Arrow Financial Services LLC*, 2009 WL 2780372, *1-3 (S.D. Cal. Aug. 31, 2009) (allegations that defendant filed suit on a debt that was not owed, without reasonable investigation into debt, and knowing it would be unable to prove its case, did not state claim under section 1692e(2), e(5) or e(10) of FDCPA); *Dokumaci v. MAF Collection Services*, No. 8:09-cv-2488-T-24 TGW (M.D. Fla. Mar. 4, 2011) (dismissing complaint that failed to plead sufficient facts suggesting plaintiff was a "debtor" and that defendant was a "debt collector"); see also *Zigdon v. LVNV Funding, LLC*, No. 1:09CV0050 (N.D. Ohio June 9, 2010) (under *Iqbal*, FDCPA class action complaint contained insufficient factual allegations to support equitable tolling or fraudulent concealment).

7. Similarly, Plaintiffs allegations fail to meet the requirements set forth in *Iqbal* and *Twombly*, and therefore the Amended Complaint fails to state claims against Babb and should be dismissed.

### III. Arguments and Authorities

A. **<u>Plaintiffs' Attempted Cause of Action Under the FDCPA Fails as to Babb</u>**

8. Plaintiffs' Amended Complaint does not contain sufficient facts that, when accepted as true, state a claim for relief under the FDCPA that is plausible on its face. Fed.R.Civ.P. 8(a); *Iqbal*, 129 S. Ct. at 1949. The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services

which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. 15 U.S.C. §1692(a)(5). The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6).

9. Plaintiffs have not alleged **any facts** that would show that Babb is a debt collector within the statutory definition and the Amended Complaint does not contain allegations of **facts** showing that Babb was acting as a "debt collector" collecting on a "debt" as defined by the FDCPA in its dealings with Plaintiffs, or even that Babb did anything whatsoever related to any issue in this case or the underlying Texas state case. Rather, Plaintiffs simply allege in conclusory fashion that "Babb is a principal of J|B, was aware or should have been aware of the actions taken by Jenkins and J|B" without putting forth any facts to support these legal conclusions. *See* Amended Complaint [Docket No. 6], ¶52. To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Plaintiffs' factual allegations, however, are not sufficient to "raise a right to relief above the speculative level." *Id.* As such, Plaintiffs fail to properly state a claim against Babb for violations of the FDCPA.

10. Assuming *arguendo* that Plaintiffs' allegation that Babb is a principal of J|B and that J|B is a debt collector are more than mere conclusions of law, and that J|B is considered a debt collector for the purpose of this Motion, Plaintiffs have failed to allege any actions by J|B that would constitute violations of the FDCPA. Specifically, Plaintiffs allege that J|B did the following:

Sent a collection notice to Plaintiffs;
Replied to Plaintiffs request for validation by providing a number of copies of various documents and a document referred to as a "transaction statement;
Filed a lawsuit against Plaintiffs for Wells Fargo Bank, N.A.;

> Filed a Motion for Summary Judgment consisting of a number of documents with an affidavit from a person stating she is a "credit manager" with Wells Fargo Bank, N.A.; and Appeared at the hearing for summary judgment where the state court entered judgment against Plaintiffs.

*See* Amended Complaint [Docket No. 6], ¶¶25, 31, 35, 38, 52, 53, 57.

11. Plaintiffs have failed to allege that Babb has taken any action to acquire location information about Plaintiffs that violates 15 U.S.C. §1692b. Plaintiffs have failed to allege any communication made by Babb with Plaintiffs in violation of 15 U.S.C. §1692c. Plaintiffs have not contended any conduct by Babb that violates the prohibition on harassment and abuse contained in 15 U.S.C. §1692d. Plaintiffs do not allege that Babb has employed false or misleading representations as prohibited by 15 U.S.C. §1692e. Plaintiffs have not contended that Babb has employed any of the unfair collection practices prohibited by 15 U.S.C. §1692f. In short, Plaintiffs have not alleged a violation of the FDCPA by Babb.

12. Because Babb is not a debt collector as it is defined under the FDCPA and because Plaintiffs do not properly allege a cause of action under the FDCPA, Plaintiffs' FDCPA cause of action fails as to Babb as a matter of law. This Court should dismiss Plaintiffs' FDCPA claim against Babb with prejudice pursuant to FRCP 12(b)(6).

B. **Plaintiffs' Attempted Cause of Action Under the TDCA Fails as to Babb**

13. Plaintiffs' Amended Complaint does not contain sufficient facts that, when accepted as true, state a claim for relief under the TDCA that is plausible on its face. Fed. R. Civ. P. 8(a); *Iqbal*, 129 S. Ct. at 1949. In order to state a claim under the TDCA, Plaintiffs must show: 1) Plaintiffs are consumers; 2) the debt at issue is a consumer debt; 3) Babb is a debt collector within the meaning of the TDCA; 4) Babb committed a wrongful act against Plaintiffs in violation of the TDCA, and (5) Plaintiffs were injured as a result of Babb's wrongful act. *See* Tex. Fin. Code §§392.01, *et. seq.*

14. The TDCA defines a "consumer" as "an individual who has a consumer debt." Tex. Fin. Code §392.01(1). The TDCA defines a "consumer debt" as "an obligation, or an alleged obligation,

primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." Tex. Fin. Code §392.01(2). The TDCA defines a "debt collector" as "a person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." Tex. Fin. Code §392.01(6). The TDCA defines a "third-party debt collector" as "a debt collector as defined by 15 U.S.C. Section 1692a(6), but ***does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client*** unless the attorney has nonattorney employees who (a) are regularly engaged to solicit debts for collection; or (2) regularly make contact with debtors for the propose of collection of adjustment of debts." Tex. Fin. Code §392.001(7) [emphasis added].

15. Plaintiffs have not alleged **any facts** that would show that they are consumers under the TDCA. Further, Plaintiffs have not alleged **any facts** showing that Babb is a debt collector or third-party debt collector within the TDCA statutory definitions. Notably, the Amended Complaint does not contain allegations of **facts** showing that Babb was acting as a "debt collector" collecting on a "consumer debt" as defined by the TDCA.

16. Plaintiffs' Amended Complaint does not contain sufficient facts that, when accepted as true, state a claim for relief under the TDCA that is plausible on its face. Fed.R.Civ. P. 8(a); *Iqbal*, 129 S. Ct. at 1949. Rather, Plaintiffs simply allege by legal conclusion that "Defendants violated the Texas Debt Collection Practices Act [*sic*] in one or more of the following ways: a. Using false representation or deceptive means to collet a debt or obtain information concerning a consumer, including Tex. Fin. Code. §392.304(a)(19)." *See* Amended Complaint [Docket No. 6], ¶62.

17. Plaintiffs' TDCA cause action is not adequately, specifically, or properly pleaded. To survive a 12(b)(6) motion, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Plaintiffs' factual allegations are not sufficient to "raise a right to relief above the speculative level." *Id.* As such, Plaintiffs fail to properly state a claim against Babb for violations of the TDCA.

18. Courts have warned that conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555-6; *Fernandez-Montes*, 987 F.2d at 284. Plaintiffs do not state a claim under the TDCA upon which relief can be granted. *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

19. Because Plaintiffs do not properly allege a cause of action under the TDCA, Plaintiffs' TDCA cause of action fails as a matter of law. This Court should dismiss Plaintiffs' TDCA claim with prejudice pursuant to FRCP 12(b)(6).

C. **Plaintiffs' Attempted Cause of Action Under the DTPA Fails as to Babb**

20. Plaintiffs' First Amended Complaint does not contain sufficient facts that, when accepted as true, state a claim for relief under the DTPA that is plausible on its face. Fed.R.Civ.P. 8(a); *Iqbal*, 129 S. Ct. at 1949.

21. Plaintiffs allege by mere legal conclusion that Defendant violated the DTPA because "a violation of the Texas Debt Collection Practices [*sic*] Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act" and that "Defendants violated Tex. Bus. Com. Code §17.50(h)." *See* Amended Complaint [Docket No. 6], ¶¶64-65.

22. Plaintiffs' DTPA cause of action is not adequately, specifically, or properly pleaded sufficient to survive a motion to dismiss. Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Iqbal*, 129 S. Ct. at 1949-50; *Twombly*, 550 U.S. at 555-6; *Fernandez-Montes*, 987 F.2d at 284. Plaintiffs do not state a claim under the DTPA upon which relief can be granted. *See Republican*

*Party,* 980 F.2d at 952. Because Plaintiffs do not properly allege a cause of action under the DTPA, Plaintiffs' DTPA cause of action fails as a matter of law. This Court should dismiss Plaintiffs' DTPA claim with prejudice pursuant to FRCP 12(b)(6).

23. Moreover, Plaintiffs' allegation that Babb violated the DTPA must fail as a matter of law because Plaintiffs are not "consumers" under the DTPA. *See Hansberger v. EMC Mortg. Corp.,* 2009 WL 2264996, at *2 (Tex. App.-San Antonio 2009, review denied).

24. Plaintiffs must qualify as consumers in order to have standing to bring an action under the DTPA. *Mendoza v. American Nat'l Ins. Co.,* 932 S.W.2d 605, 608 (Tex. App.—San Antonio 1996, no writ). "A person qualifies as a consumer under the DTPA my meeting two requirements: (1) the person must seek or acquire goods or services by lease or purchase and (2) the goods or service sought or acquired must form the basis of the person's complaint." *Emery v. Wachovia Bank, N.A.,* 2011 WL _; Civil Action No. H-10-cv-2213 *29-30 (S. D. Tex. December 21, 2011); *Melody Home Manufacturing Co. v. Barnes,* 741 S.W.2d 349, 351-2 (Tex. 1987); TEX. BUS. COM. CODE §17.45(4). Whether a person meets these requirements is a question of law. *Emery* at *30; *Johnson v. Walker,* 824 S.W.2d 184, 187 (Tex. App-Fort Worth 1991, writ denied). The Fifth Circuit has ruled that a loan transaction is not covered under the DTPA. *Walker v. FDIC,* 970 F.2d 114, 123-4 (5th Cir. 1992); *Emery* at *30. It is well recognized that borrowing money does not constitute the acquisition of a good or service. *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558-567 (Tex. 1984); *Flenniken v. Longview Bank & Trust Co.,* 661 S.W.2d 705 (Tex. 1983); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174-75 (Tex. 1980).

25. Because Plaintiffs cannot claim "consumer" status as a matter of law, Plaintiffs cannot maintain a cause of action under the DTPA. This Court should dismiss Plaintiffs' DTPA claim with prejudice pursuant to FRCP 12(b)(6).

## IV. PRAYER

WHEREFORE, because Plaintiffs have failed to state any claims for violations of the FDCPA, TDCA, or DTPA, Defendant's Motion to Dismiss pursuant to FRCP 12(b)(6) should be granted and Plaintiffs' claims against Jason Babb should be dismissed with prejudice. Additionally, Defendant requests for such other and further relief at law, and in equity, as is just.

*Respectfully submitted,*

By: */s/ Michael J. Babb*
    JASON BABB
    Texas State Bar No. 24044552
    Jason@JenkinsBabb.com

JENKINS | BABB, LLP
2727 LBJ Freeway, Suite 900
Dallas, Texas 75234
214.220.2022 - Telephone
866.379.3294 - Toll-Free Fax
**Attorney for Defendant Jason Babb**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that: I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Northern District of Texas on the 3rd day of January, 2012. The foregoing document was served on the following parties and counsel of record by the Court's ECF system, or as indicated below, on the same date:

Israel Garcia, Jr.
Melissa R. Garcia
115 Evening Star Circle
Red Oak, Texas 75154
**PLAINTIFFS, Pro Se**
**U.S. Regular Mail and**
**Certified Mail/RRR #7010 1870 0001 8427 7421**

Date: 01/03/12                                            */s/ Michael J. Babb*