UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ISRAEL GARCIA, JR. AND MELISSA R. GARCIA**<br><br>    **Plaintiffs,**<br><br>        v.<br><br>**JENKINS BABB, LLP, ROBERT E. JENKINS, JASON BABB, PRIMARY FINANCIAL SERVICES, MARGARET MORRISSEY, CHRIS GILBERT, DUSTIN T. DUDLEY, ATTORNEY AT LAW, DUSTIN T. DUDLEY, AND BILLI J. (GENESER) GANNON**<br><br>    **Defendants** | **Civil Action No.  11-cv-3171-N** |

**DEFENDANT'S MOTION TO STRIKE
PLAINTIFFS' SECOND AMENDED COMPLAINT FILED AT DOCKET NO. 23**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW BILLI JO GENESER-GANNON ("Defendant" or "Gannon"), Defendant, and files this Motion to Strike Plaintiffs' Second Amended Complaint Filed at Docket No. 23, and in support hereof, would show this Honorable Court as follows:

**I. Procedural History**

1.    On November 16, 2011, Plaintiffs filed this lawsuit against Defendants as a direct result of a state court judgment against Plaintiffs in favor of Wells Fargo.

2.    Wells Fargo loaned a sum of money to Garcia. On or about January 22, 2007, Garcia executed a Personal Loan Agreement in the original principal sum of $30,000.00 (Loan No. xxxxxx0001) which Garcia agreed to repay to Wells Fargo with interest at the rate of 13%. *See Exhibit "B" – Geneser-Gannon's Affidavit in Support of Motion for Summary Judgment paragraph*

*6*. Plaintiffs defaulted on the loan. *Id*. at paragraph 8.

3.     The facts that Defendant can discern from Garcia's Amended Complaint filed in the Dallas Division of the Northern District of Texas are follows:

4.     On March 31, 2011, Wells Fargo served Garcia with a lawsuit filed in Texas state court, Cause No. 82476. The lawsuit sought to collect the debt owed by Plaintiffs to Wells Fargo. *See Paragraph 35 of Plaintiffs' Amended Complaint* [Docket No. 6].

4.     On August 15, 2011, Wells Fargo filed its Motion for Summary Judgment in the state court litigation. *See Paragraph 37 of Plaintiffs' Amended Complaint* [Docket No. 6].

5.     Wells Fargo supported its Motion for Summary Judgment with the Affidavit of Billi Joe Geneser-Gannon, a Defendant herein, a credit manager personally familiar with the facts and authorized to execute the Affidavit on behalf of Wells Fargo. *See Paragraph 38 of Plaintiffs' Amended Complaint* [Docket No. 6].

6.     Garcia opposed summary judgment and filed an Affidavit in opposition to Wells Fargo's Motion for Summary Judgment. *See Paragraph 46 of Plaintiffs' Amended Complaint* [Docket No. 6].

7.     On October 5, 2011, after considering Garcia's and Wells Fargo's evidence, including, but not limited to Gannon's Affidavit, in the state court litigation, the state court entered summary judgment in favor of Wells Fargo in the amount of $18,993.12 plus interest and attorneys' fees and costs. *See Paragraph 57 of Plaintiffs' Amended Complaint* [Docket No. 6] *and Exhibit "A" – Final Judgment paragraph 3*.

8.     Garcia alleges in this litigation that Gannon's affidavit in support of Wells Fargo's Motion for Summary Judgment in the state court litigation and other associated documents

associated with the state court case induced the state court to unlawfully enter summary judgment against Garcia. *See Paragraph 49 of Plaintiffs' Amended Complaint* [Docket No. 6].

## II. Argument & Authorities

9. Rule 15 of the Federal Rules of Civil Procedure provides that once a responsive pleading is served, a party may amend a pleading only by leave of Court or by written consent of the adverse party. Such leave to amend a pleading, however, "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Plaintiffs have obtained neither leave of Court nor approval from Defendant to file their Second Amended Complaint. Defendant does not consent to Plaintiffs filing a Second Amended Complaint.

10. In the present case, Judge Ramirez previously Ordered [Docket No. 19] that Plaintiffs must file a Response to Defendant's Motion to Dismiss no later than January 24, 2012. As of the filing of this Motion, Plaintiffs have not file a response as Ordered by the Court.

11. Instead, on January 24, 2012, Plaintiffs filed a Second Amended Complaint [Docket No. 23] and a Motion for Enlargement of Time to Answer Motions to Dismiss and For Summary Judgment [Docket No. 22]. For the reasons stated herein, Plaintiffs' Second Amended Complaint should be stricken from the record.

12. Plaintiffs' suit against Defendants is wholly without merit. Plaintiffs' Second Amended Complaint filed at Docket No. 23 is virtually identical to Plaintiffs' Amended Complaint filed December 8, 2011, at Docket No. 6. (Defendant's Motion to Dismiss and Motion for Summary Judgment seek summary judgment and dismissal of Plaintiff Amended Complaint at Docket No. 6.)

13. Plaintiff's Second Amended filed on January 24, 2012, at Docket No. 23 does not allege any new facts. It does not allege any new causes of action against Defendants. In fact, Plaintiff Second Amended Complaint contains the exact same causes of action with the exact same

text as was in Plaintiffs' Amended Complaint filed on December 8, 2011, at Docket No. 6.

14. Plaintiff's Second Amended Complaint at Docket No. 23 is of no consequence considering that it does not allege any new facts or raise any new causes of action. All Plaintiffs Second Amended Complaint at Docket No. 23 does is change a innocuous wording in the factual background. Compared side by side, the Amended Complaint at Docket No. 8 and the Second Amended Complaint at Docket No. 23 have no differences. All Plaintiffs seek to do by filing this Second Amended Complaint at Docket No. 23 is muddy the waters in this case and divert the Court's attention from the pending dispositive motions filed by multiple defendants in this litigation.

15. Because Plaintiff's Second Amended Complaint is no different Plaintiffs' First Amended Complaint and because Plaintiffs did not receive Defendants' written consent to amend and did not receive the court's leave to amend, Plaintiffs' Second Amended Complaint should be disallowed and stricken.

### III. Relief Requested

16. Defendant requests that this Court strike Plaintiffs' Second Amended Complaint from the record.

17. Defendant has been forced to incur attorneys' fees and costs that it otherwise would not have had to incur but for Plaintiffs filing this frivolous, meritless lawsuit. Defendant further requests that this Court award Defendant her reasonable attorneys' fees and costs associated with the drafting, filing, and prosecution of this Motion.

### IV. Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court strike Plaintiffs' Second Amended Complaint, award Defendant her reasonable attorneys' fees and costs, and grant Defendant such other and further relief to which it may be justly entitled.

Respectfully Submitted,

By: \_\_\_\_//s// George A. Kurisky, Jr.
George A. Kurisky, Jr.
TBA No. 11767700

**OF COUNSEL:**

**JOHNSON DELUCA KURISKY & GOULD, P.C.**

Branch M. Sheppard
TBA No. 24033057
4 Houston Center
1221 Lamar, Suite 1000
Houston, Texas 77010
(713) 652-2525 - Telephone
(713) 652-5130 - Facsimile

**ATTORNEYS FOR DEFENDANT,
BILLI JO GENESER-GANNON**

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document was served via ECF and/or First Class Mail and/or Certified Mail Return Receipt Requested on the 24th day of January, 2012, to the following:

***Via Certified Mail Return Receipt Requested and First Class Mail***
ISRAEL GARCIA, JR.
MELISSA R. GARCIA
115 EVENING STAR CIRCLE
RED OAK, TEXAS 75154

***Via ECF***
ROBERT JENKINS
MICHAEL BABB
JENKINS BABB
2727 LBJ FREEWAY, SUITE900
DALLAS, TEXAS 75234

***Via ECF***
W. KEITH WEIR
BUSH & RAMIREZ, LLC
5615 KIRBY, SUITE 900
HOUTON, TEXAS 77005

          __//s// George A. Kurisky, Jr.
          GEORGE A.KURISKY, JR.