UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ISRAEL GARCIA, JR. § | |
| MELISSA R. GARCIA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 3:11-CV-3171 |
| § | |
| JENKINS | BABB, LLP, § | |
| ROBERT E. JENKINS § | |
| JASON BABB § | |
| PRIMARY FINANCIAL SERVICES § | |
| MARGARET MORRISSEY § | |
| CHRIS GILBERT § | |
| DUSTIN T. DUDLEY § | |
| ATTORNEY AT LAW § | |
| DUSTIN T. DUDLEY § | |
| BILLI J. (GENESER) GANNON, § | |
| § | |
| Defendant. § | |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

TO THE HONORABLE JUDGE OF THIS COURT:

The Defendants, Primary Financial Services, et al (referred to hereafter as "Primary Financial"), Margaret Morissey, Chris Gilbert, Dustin D. Dudley, attorney at law, and Dustin T. Dudley (referred to, collectively, hereafter as "Defendants"), file this Motion to Dismiss for Failure to State A Claim Upon Which Relief Can be Granted and in support thereof would show as follows:

1.      This motion is made before any other pleading.

2.      The Plaintiff brings this cause of action alleging violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.*[1], the Texas Debt Collection Practices Act, § 392.001 *et seq.* Tex. Fin. Code[2], and the Deceptive Trade Practices - Consumer Protection Act, § 17.41 *et seq.* Tex. Bus. & Comm. Code[3] based solely upon alleged conduct that occurred prior to the entry of judgment in an underlying debt collection suit.

3.  All of the Plaintiff's claims are barred by certain affirmative defenses. A motion to dismiss pursuant to Rule 12(b)(6) may be based on affirmative defenses which appear on the face of the pleadings. *See Jones v. Overton*, 549 U.S. 199; 127 S.Ct. 910, 166 L.Ed. 2d 798 (2007). The affirmative defenses which bar the Plaintiff's claims are a) lack of standing pursuant to the Deceptive Trade Practices - Consumer Protection Act, § 17.41 *et seq.* Tex. Bus. & Comm. Code[4], b) *res judicata*, c) the *Rooker-Feldman* doctrine, and d) the claims raised in this suit were compulsory counterclaim in an underlying suit, each of which are addressed in turn.

4.  **Lack of Standing** - One of the most, if not the most, fundamental principles of the law relating to the DTPA is the fact that a party must show consumer status in order to bring a cause of action for alleged violations of the DTPA. In order to meet the definition of consumer, the Plaintiffs must show that they sought or acquired goods or services by purchase or lease. *See* § 17.45(4) of the DTPA. The Plaintiffs have neither pled that they are consumers or offered any factual basis for such an assertion.

> To meet the DTPA's standing requirement, a complaining party must plead and prove that he or she is a "consumer" under the Act. *Farmers and Merchants State Bank of Krum v. Ferguson*, 617 S.W.2d 918, 919 (Tex. 1981). Star Motor asserts that there is no evidence to establish Jones's status as a consumer. *See*

---

[1]   Referred to hereafter as "FDCPA."

[2]   Referred to hereafter as "TDCPA."

[3]   Referred to hereafter as "DTPA."

[4]   Referred to hereafter as "DTPA."

> TEX. BUS. & COM. CODE ANN. § 17.45(4) (Vernon Supp. 2001); *Thompson v. Deloitte & Touche, L.L.P.*, 902 S.W.2d 13, 19 (Tex. App.--Houston [1st Dist.] 1995, no writ). To establish DTPA consumer status, a complaining party must show that (1) it "has sought or acquired goods or services by purchase or lease," and (2) "the goods and services in question must form the basis of the plaintiff's complaint." *Thompson*, 902 S.W.2d at 19.

*Jones v. Star Houston*, 45 SW3d 350, 356 (Tex. App. - Houston [1st Dist.] 2001, no pet.).

> It is clear that only a "consumer" has standing to maintain a private cause of action for treble damages and attorney's fees under section 17.50(a) of the DTPA. *Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382, 388 (Tex. 1982); *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 538 (Tex. 1981); *Riverside National Bank v. Lewis*, 603 S.W.2d 169, 173 (Tex. 1980). Section 17.45(4) defines a consumer as "an individual . . . who seeks or acquires by purchase or lease, any goods or services.

*Flenniken v. Longview Bank & Trust*, 661 SW2d 705, 706 (Tex. 1983)…

5. The Plaintiffs are not helped by the fact that they have alleged a "tie-in" statute, the Texas Debt Collection Practices Act, § 392.001 *et seq.* Tex. Fin. Code.[5] The TDCPA provides that "[a] violation of this chapter is a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code, and is actionable under that subchapter."  This does not alleviate the necessity of pleading and proving consumer status.

6. Violations of the TDCPA are violations of the DTPA, just as are violations of the DTPA itself.  The TDCPA provides additional acts or practices that constitute violations of the DTPA, but does not eliminate the requirement of pleading and proving consumer status.  A person may bring an action pursuant to the TDCPA independent of the DTPA.  If, and only if, that person can also prove consumer status, he/she may bring that same action under the DTPA.  The only cases which have addressed this issue bear this out.

> The DTPA allows a consumer to bring a cause of action under the DTPA if he is granted that right by another law. *TEX. BUS. & COM. CODE ANN. § 17.50(h).*

---

[5] Referred to hereafter as "the TDCPA."

> Certain statutes "tie in" to the DTPA such that a violation of the former is also a violation of the latter. Each of the tie-in statutes asserted in the Hansbergers' petition provide that a violation of the statute is a deceptive trade practice under the DTPA. *See* TEX. BUS. & COM. CODE ANN. § 20.12 (Vernon 2009) (violation of "Regulation of Consumer Credit Reporting Agencies" statute); *TEX. BUS. & COM. CODE ANN. § 601.204* (violation of statute governing "Cancellation of Certain Consumer Transactions"); *TEX. PROP. CODE ANN. § 41.006(b)* (Vernon 2000) (violation of statute governing "Certain Sales of Homestead"); *TEX. FIN. CODE ANN. § 392.404(a)* (Vernon 2006) (violation of statute governing "Debt Collection"); *TEX. FIN. CODE ANN. § 393.504* (violation of statutes governing "Credit Services Organizations"); former TEX. REV. CIV. STAT. ANN. art. 6573(b) (violation of "Residential Service Company Act"). However, **the party bringing a claim under the DTPA for a violation of a tie-in statute must still satisfy the requirement of being a "consumer**.[6]

*Hansberger v. EMC Mortgage Corp.*, 2009 Tex. App. Lexix 5792, *7 - 8 (Tex. App. - San Antonio 2009, **pet. denied**). *See also Cushman v. GC Services*, 397 Fed. Appx 24 (5th Cir. 2010) (*unpublished opinion*) (bringing claims through a tie-in statute does not exempt claimant from proving consumer status); *Eads v. Wolpoff & Abramson*,[7] 538 F. Supp. 2d 981 (W.D. Tex. 2008) (in a case where claims are made under both the TDCPA and the DTPA and the claimant fails to prove consumer status, claim should be dismissed as a matter of law); *Marketic v. U.S Bank*, 436 F. Supp. 2d 84 (N.D. Tex. 2006 (in all cases, a plaintiff must qualify as a consumer in order to have standing to bring an action under the DTPA).

7. **Res Judicata/Compulsory Counterclaims** - Suit was filed against the Plaintiffs on or about March 31, 2011.[8] Judgment was entered against the Plaintiffs on or about October 5, 2011.[9]

---

[6] All emphasis added unless otherwise stated.

[7] Cited by *Cushman v. GC Services*, *supra*.

[8] See Paragraph 35 of the Amended Complaint [Docket No. 6].

[9] See Paragraphs 53 - 57 of the Amended Complaint.

8. Much of the conduct regarding which the Plaintiffs complain actually occurred during and in association with the underlying litigation.[10] All of the conduct complained of occurred prior to the entry of the underlying judgment.[11]

9. All of the Plaintiffs' claims are the same claims raised in the prior suit or which could have been raised in the first action and/or were compulsory counterclaims.

> Claim preclusion, or res judicata, bars assertion of a claim in a subsequent case when: (1) there is a prior final judgment on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action. *Igal v. Brightstar Info. Tech. Grp., Inc.*, 250 S.W.3d 78, 86 (Tex. 2008). "This approach mandates that a defendant bring as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's suit." *State & Cnty. Mut. Fire Ins. Co. v. Miller*, 52 S.W.3d 693, 696 (Tex. 2001); *Ingersoll-Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206-07 (Tex. 1999) (stating that res judicata precludes the assertion of all "claims or defenses that, through diligence, should have been litigated in the prior suit but were not"); *In re Erlewine*, 349 F.3d 205, 210 n.5 (5th Cir. 2003) ("In the Texas courts, the doctrine of res judicata . . . bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in the prior suit." (quotation omitted)). Texas courts have interpreted this rule as only barring prior defendants from asserting claims in a later action that were compulsory counterclaims in the prior suit.

*Weaver v. Texas Capital Bank*, 660 F.3d 900, 906-907 (5th Cir. 2011).

10. There is a prior final judgment on the merits.[12]

11. The parties in this action are the same or in privity with the those in the first action. The Plaintiff has alleged that the Defendants are the agents of a disclosed principal, Wells Fargo.[13]

> Where, as here, the relations between two parties are analogous to that of principal

---

[10] See Paragraphs 35 - 58 of the Amended Complaint.

[11] See Paragraphs 24 - 27, 40 - 41, 48, 59 - 60, 66 - 67, and 72 - 73 of the Amended Complaint.

[12] See Paragraphs 53 - 57 of the Amended Complaint.

[13] See Paragraph 21 - 22 of the Amended Complaint.

and agent, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, is to be accepted as conclusive against the plaintiff's right of action against the other." *Id.* at 145; *see also Pelletier v. Zweifel,* 921 F.2d 1465, 1502 (11th Cir.) (finding privity for purposes of res judicata between principal and agent), *cert. denied,* U.S. , 112 S.Ct. 167, 116 L. Ed. 2d 131 (1991).

*Russell v. Sunamerica*, 962 F.2d 1169, 1174 (5th Cir. 1992).

12. This action is based upon the same claims that were raised or could have been raised in the prior action. Again, the bulk of the Plaintiff's claims related directly to the conduct of the parties and their privies in the prior litigation. By way of example, only, the Plaintiffs complain of the entry into evidence of the business records affidavit of Wells Fargo and its effect.

13. The prior suit was filed in a Texas district court. Rule 97(a) of the Texas Rules of Civil Procedure provides that counterclaims which are transnationally related to an opposing party's claim are compulsory counterclaims. The cases dealing with the issue of the FDCPA as a compulsory counterclaim largely compare the FDCPA to the Truth in Lending Act[14] in their analysis. *See Peterson v. United Accounts*, 638 F.2d 1134 (8th Cir. 1981). This is not surprising as both TILA and the FDCPA are part of a comprehensive scheme for consumer protection found in Title 15, Chapter 41 of the United States Code. The Fifth Circuit Court of Appeals, in *Plant v. Blazer*, 598 F.2d 1357 (5th Cir. 1979) reached the opposite conclusion regarding the compulsory nature of these counterclaims. In the *Plant* case, the Court made an exhaustive analysis of both legal precedents on this issue and the policy considerations involved. The *Plant* Court stated that "after careful consideration of the factors relied upon in these cases to find counterclaims permissive, we opt for the analysis applied by district courts in Louisiana, Alabama, Texas, and Georgia in determining debt counterclaims to be compulsive," *id*. at 1363.

14. In reaching their decision, the *Plant* Court determined that the logical relation test should be applied, *id*. at 1361. The Court stated that a logical relationship exists "when the counterclaim arises from the same 'aggregate of operative facts' in that the same operative facts serves as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant," *id*.

---

[14] Referred to hereafter as "TILA."

15. **The *Rooker-Feldman* Doctrine** - This issue has been more than adequately addressed by the Defendant, Billi Jo Genesner-Gannon in the Motion to Dismiss to be found as Docket No. 12 which is incorporated herein the same as if fully copied and set forth at length.[15]

WHEREFORE, the Defendants respectfully request that the Plaintiffs take nothing by this suit and for such other and further relief, both at law and in equity, to which the Defendants may be justly and legally entitled.

Respectfully submitted,

**BUSH & RAMIREZ, LLC**

//s// Keith Wier
Keith Wier; SBN: 21436100
Fed. I.D. 7930
5615 Kirby Dr., Suite 900
Houston, TX 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of January, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Israel Garcia, Jr.
Melissa R. Garcia
115 Evening Star Circle
Red Oak, TX 75154

//s// Keith Wier
Keith Wier

---

[15] See Paragraphs IV(A)(17) - (33) of the referenced motion to dismiss.

G:\06000\9821\Garcia\Pleadings\Motion to Dismiss.doc