UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL GARCIA, JR. | § | |
| MELISSA R. GARCIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:11-CV-3171 |
| | § | |
| JENKINS \| BABB, LLP, | § | |
| ROBERT E. JENKINS | § | |
| JASON BABB | § | |
| PRIMARY FINANCIAL SERVICES | § | |
| MARGARET MORRISSEY | § | |
| CHRIS GILBERT | § | |
| DUSTIN T. DUDLEY | § | |
| ATTORNEY AT LAW | § | |
| DUSTIN T. DUDLEY | § | |
| BILLI J. (GENESER) GANNON, | § | |
| | § | |
| Defendant. | § | |

**Answer to Amended Complaint Subject to Motion to Dismiss for
Failure to State a Claim Upon Which Relief Can be Granted**

TO THE HONORABLE JUDGE OF THIS COURT:

The Defendants, Primary Financial Services, et al (referred to hereafter as "Primary Financial"), Margaret Morissey, Chris Gilbert, Dustin D. Dudley attorney at law, and Dustin T. Dudley (referred to, collectively, hereafter as "Defendants"), file this Answer to Amended Complaint subsequent to, subject to, and with waiving their Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted, and in support thereof would show as follows:

1.   The allegations in Paragraph 1 of the Amended Complaint consist of nothing but legal conclusions to which no response is required.

2.   The allegations in Paragraph of the Amended Complaint consist of nothing but legal

conclusions to which no response is required.

3.   In response to Paragraph 3 of the Amended Complaint, the Defendants state that they do not contest jurisdiction at this time.

4.   The Defendants admit the allegations in Paragraph 4 of the Amended Complaint.

5.   The Defendants can neither admit or deny the allegations in Paragraph 5 of the Amended Complaint for the reason that they are unaware of the purpose for which the indebtedness in question was incurred.

6.   The allegations in Paragraph 6 of the Amended Complaint do not relate to these defendants and no response is therefore required.  However, the Defendants deny any and all wrongdoing.

7.   The allegations in Paragraph 7 of the Amended Complaint do not relate to these defendants and no response is therefore required.  However, the Defendants deny any and all wrongdoing.

8.   The allegations in Paragraph 8 of the Amended Complaint do not relate to these defendants and no response is therefore required.  However, the Defendants deny any and all wrongdoing.

9.   The allegations in Paragraph 9 of the Amended Complaint do not relate to these defendants and no response is therefore required.  However, the Defendants deny any and all wrongdoing.

10.   The Defendants can neither admit or deny the allegations in Paragraph 10 of the Amended Complaint regarding a "debt" for the reason that they are unaware of the purpose for which the indebtedness in question was incurred.  The Defendants admit the remaining allegations in the referenced paragraph.

11.   The Defendants can neither admit or deny the allegations in Paragraph 11 of the Amended Complaint for the reason that they are unaware of the purpose for which the indebtedness in question was incurred.

12.   The Defendants can neither admit or deny the allegations in Paragraph 12 of the

Amended Complaint regarding a "debt" for the reason that they are unaware of the purpose for which the indebtedness in question was incurred. The Defendants admit the remaining allegations in the referenced paragraph.

13. The Defendants can neither admit or deny the allegations in Paragraph 13 of the Amended Complaint regarding a "debt" for the reason that they are unaware of the purpose for which the indebtedness in question was incurred. The Defendants admit the remaining allegations in the referenced paragraph.

14. The Defendants can neither admit or deny the allegations in Paragraph 14 of the Amended Complaint regarding a "debt" for the reason that they are unaware of the purpose for which the indebtedness in question was incurred. The Defendants admit the remaining allegations in the referenced paragraph.

15. The Defendants can neither admit or deny the allegations in Paragraph 15 of the Amended Complaint for the reason that they are unaware of the purpose for which the indebtedness in question was incurred.

16. The Defendants can neither admit or deny the allegations in Paragraph 16 of the Amended Complaint regarding a "debt collector" for the reason that they are unaware of the purpose for which the indebtedness in question was incurred. The Defendants admit the remaining allegations in the referenced paragraph.

17. The allegations in Paragraph 17 of the Amended Complaint do not relate to these defendants and no response is therefore required. However, the Defendants deny any and all wrongdoing.

18. The allegations in Paragraph 18 of the Amended Complaint do not relate to these defendants and no response is therefore required. However, the Defendants deny any and all

wrongdoing.

19. The Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

20. In response to Paragraph 20 of the Amended Complaint, the Defendants state that they do not contest venue.

21. The Defendants admit the allegations in Paragraph 21 of the Amended Complaint.

22. In response to Paragraph 22 of the Amended Complaint, the Defendants admit that the referenced text was included in a letter dated November 11, 2010. Otherwise, the Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

23. The Defendants deny the allegations in Paragraph 23 of the Amended Complaint.

24. The Defendants admit that the Plaintiff, Israel Garcia, sent a letter dated November 11, 2010. Otherwise, the allegations in Paragraph 24 of the Amended Complaint are denied.

25. The allegations in Paragraph 25 of the Amended Complaint do not relate to these Defendants and response is therefore required of them. However, these Defendants deny any and all wrongdoing.

26. The allegations in Paragraph 26 of the Amended Complaint do not relate to these Defendants and response is therefore required of them. However, these Defendants deny any and all wrongdoing.

27. The allegations in Paragraph 27 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

28. The Defendants deny the allegations in Paragraph 28 of the Amended Complaint.

29. The Defendants deny the allegations in Paragraph 29 of the Amended Complaint.

30. The allegations in Paragraph 30 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

31. The allegations in Paragraph 31 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

32. The allegations in Paragraph 32 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

33. The allegations in Paragraph 33 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

34. The Defendants deny the allegations in Paragraph 34 of the Amended Complaint.

35. The allegations in Paragraph 35 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

36. The allegations in Paragraph 36 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

37. The allegations in Paragraph 37 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.  However, these Defendants deny any and all wrongdoing.

38. The allegations in Paragraph 38 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

39. The allegations in Paragraph 39 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

40. The allegations in Paragraph 40 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

41. The allegations in Paragraph 41 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

42. The allegations in Paragraph 42 of the Amended Complaint do not relate to these

Defendants and response is therefore required of them.

43. The allegations in Paragraph 43 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

44. The allegations in Paragraph 44 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

45. The allegations in Paragraph 45 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

46. The allegations in Paragraph 46 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

47. The allegations in Paragraph 47 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.  However, these Defendants deny any and all wrongdoing.

48. The allegations in Paragraph 48 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

49. The Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50. The allegations in Paragraph 50 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

51. The allegations in Paragraph 51 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

52. The allegations in Paragraph 52 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

53. The allegations in Paragraph 53 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

54. The allegations in Paragraph 54 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

55. The allegations in Paragraph 55 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

56. The allegations in Paragraph 56 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

57. The allegations in Paragraph 57 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

58. The allegations in Paragraph 58 of the Amended Complaint do not relate to these Defendants and response is therefore required of them.

59. In response to Paragraph 59 of the Amended Complaint, the Defendants incorporate herein, the same as if fully copied and set forth at length, their response(s) to the referenced paragraphs.

60. The Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61. In response to Paragraph 61 of the Amended Complaint, the Defendants incorporate herein, the same as if fully copied and set forth at length, their response(s) to the referenced paragraphs.

62. The Defendants deny the allegations in Paragraph 62 of the Amended Complaint.

63. In response to Paragraph 63 of the Amended Complaint, the Defendants incorporate herein, the same as if fully copied and set forth at length, their response(s) to the referenced paragraphs.

64. The Defendants deny the allegations in Paragraph 64 of the Amended Complaint.

65. The Defendants deny the allegations in Paragraph 65 of the Amended Complaint.

**Affirmative Defenses**

66. Defendant asserts that it was entitled to rely on information furnished to it by its client.

67. The Defendant denies that Plaintiff is entitled to or should recovery statutory damages in any amount. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605, 176 L.Ed.2d 519 (2010).

68. The Defendant asserts that an award of statutory damages in the absence of actual damages would be a denial of its right to due process under the Constitution of the United States of America. *See Johnson vs Eaton*, 80 F.3d 148 (5th Cir. 1996)*; State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003).

69. The Defendants assert the defense of lack of standing.

70. The Defendants assert that the Plaintiffs have failed to comply with one or more conditions precedent to bringing these causes of action.

71. The Defendants deny that the Plaintiff have provided notice as required by § 17.505 Tex. Bus. & Comm. Code.

72. The Defendants deny that the Plaintiffs are consumers as defined by the Deceptive Trade Practices - Consumer Protection Act, § 17.41 *et seq* Tex. Bus. & Comm. Code.

73. The Defendants assert the defense of *res judicata*.

74. the Defendants assert the defense of collateral estoppel.

75. The Defendants assert the defense of the *Rooker-Feldman* doctrine.

76. The causes of action asserted herein, although without merit, were compulsory counterclaims to the prior suit referenced in the Amended Complaint.

WHEREFORE, the Defendants respectfully request that the Plaintiffs take nothing by this suit and for such other and further relief, both at law and in equity, to which the Defendants may

be justly and legally entitled.

                                     Respectfully submitted,

                                     **BUSH & RAMIREZ, LLC**

                                     //s// Keith Wier
                                     Keith Wier; SBN: 21436100
                                     Fed. I.D. 7930
                                     5615 Kirby Dr., Suite 900
                                     Houston, TX 77005
                                     Telephone: (713) 626-1555
                                     Facsimile: (713) 622-8077

                                    **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of January, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Israel Garcia, Jr.
Melissa R. Garcia
115 Evening Star Circle
Red Oak, TX 75154

                                     //s// Keith Wier
                                     Keith Wier