**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ISRAEL GARCIA JR., et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | No. 3:11-CV-3171-N-BH |
| ) | |
| **JENKINS/BABB LLP, et al.,** ) | |
| ) | |
| Defendants. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this action has been automatically referred for pretrial management, including the determination of non-dispositive motions and the issuance of findings, conclusions, and recommendations on dispositive motions. Before the Court are *Defendant Jenkins/Babb LLP's Motion to Dismiss Pursuant to FRCP 12(b)(6)* (doc. 14), *Defendant Robert E. Jenkins' Motion to Dismiss Pursuant to FRCP 12(b)(6)* (doc. 15), *Defendant Jason Babb's Motion to Dismiss Pursuant to FRCP 12(b)(6)* (doc. 16), all filed January 3, 2012, and *Defendants Dustin T. Dudley, Dudley Law Firm, Chris Gilbert, Margaret Morrissey and Primary Financial Services' Motion to Dismiss Pursuant to FRCP 12(b)(6)* (doc. 27), filed January 27, 2012. Based on the relevant filings and applicable law, the motion of Dudley, Dudley Law Firm, Gilbert, Morrissey and Primary should be **DENIED,** the Jenkins/Babb, Jenkins, and Babb motions to dismiss should be **GRANTED,** and the claims against all defendants should be **DISMISSED**.

**I. BACKGROUND**

On November 16, 2011, Israel Garcia, Jr. and Melissa R. Garcia (Plaintiffs) filed a *pro se* suit for violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., against Jenkins/Babb, LLP (Jenkins/Babb), Robert E. Jenkins (Jenkins), Jason Babb (Babb) (collectively Jenkins/Babb Defendants); Dustin T. Dudley, Attorney at Law (Dudley Law Firm),

Dustin T. Dudley (Dudley) (collectively Dudley Defendants)[1]; and Primary Financial Services (Primary), Margaret Morrissey (Morrissey), Chris Gilbert (Gilbert), and Billi J. Geneser Gannon (Gannon).[2] (*See* doc. 3.) The complaint also alleged claims under the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act. (*Id*.) On December 8, 2011, before service on the defendants, Plaintiffs filed an amended complaint. (*See* doc. 6.)

Plaintiffs allege that on or about November 17, 2010, the Dudley Defendants sent them a collections letter on behalf of Primary for a debt allegedly owed to Wells Fargo Bank, N.A. (Wells Fargo). (doc. 6 at 4.) The letter requested that Plaintiffs make payment arrangements within twenty days or risk the filing of a civil suit to collect the outstanding balance of $17,018.68. (*Id*.) Plaintiffs responded by writing to Dudley at Primary[3] to request validation of the debt and to demand that Dudley and Primary cease and desist in their collection efforts. (*Id*. at 5.) Plaintiffs received no response to their validation request. (*Id*.)

On or about January 18, 2011, Plaintiffs received a collection notice from Jenkins/Babb, signed by Jenkins, for a debt alleged to be owed to Wells Fargo in the amount of $15,954.32.[4] (*Id*.) Jenkins copied Morrissey, a Primary employee, on the notice. (*Id*.) Plaintiffs responded by writing to Jenkins/Babb to request validation of the debt and to demand that they cease and desist in their collection efforts. (*Id*. at 6.) On or about February 15, 2011, Jenkins sent Plaintiffs a reply that

---

[1] Jenkins/Babb, Dudley Law Firm, Jenkins, Babb, and Dudley are law firms and attorneys allegedly involved in efforts to collect a debt from Plaintiff.

[2] Gannon was subsequently dismissed from the action pursuant to a joint stipulation of dismissal. (*See* doc. 42.)

[3] The complaint alleges that Dudley identified himself as in-house counsel for Primary in his letter.

[4] The account number on the notice was similar, but not identical, to that on the previous demand from Dudley. (doc. 6 at 5.)

included documents relating to the alleged loan transaction. (*Id*. at 7.) Jenkins copied Gilbert, another Primary employee, on the response. (*Id*. at 8.)

Jenkins/Babb later filed a state court action to collect the debt. (*Id*.) Plaintiffs appeared and defended against the lawsuit, but the Texas court ultimately entered a judgment in favor of Wells Fargo. (*Id*. at 8, 15.) Plaintiffs allege that during the course of that litigation, Jenkins/Babb sent them a threatening letter in response to a "Notice of Intent to Sue" sent by Plaintiffs. (*Id*. at 13.) In addition, Jenkins allegedly made an oral threat to them on the date the state court judgment was entered. (*Id*. at 15.)

Plaintiffs contend that the defendants' actions while they were attempting to collect the debt violated § 1692d's proscription against harassment or abuse, § 1692e's proscription against false and misleading representations, and § 1692g's debt validation requirements. (*See* doc. 6.) The defendants moved to dismiss this case. (*See* docs.14, 15, 16 and 27.) After timely-filed responses and no replies, the motions are now ripe for consideration. (*See* docs. 35, 36 and 37.)

## II. JURISDICTION

Primary, Morrissey, Gilbert and the Dudley Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs' complaint under the *Rooker-Feldman* doctrine, arguing that the Court is being asked to review a state court judgment. (*See* doc. 27 at 8.)

The defendants' *Rooker-Feldman*[5] argument presents a challenge to federal court subject matter jurisdiction that is properly considered under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005) (*Rooker-*

---

[5] The doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

*Feldman* implicates subject matter jurisdiction); *Shipula v. Texas Dept. of Family Protective Serv.*, No. H-10-368, 2011 WL 1882521, *7 (S.D. Tex. May 17, 2011) (addressing *Rooker-Feldman* challenge to subject matter jurisdiction under Rule 12(b)(1)). A district court has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties." *Giannakos v. M/V Bravo Trader*, 762 F2d 1295, 1297 (5th Cir. 1985). The jurisdictional issue is therefore considered as to all defendants.[6]

**A.     Rule 12(b)(1) Standard**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses because the plaintiff lacks subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper

---

[6]Primary, Morrissey, Gilbert and the Dudley Defendants also challenge the plaintiffs' standing to bring their state law claims. (*See* doc. 27 at 2-4.) Standing is also a jurisdictional question properly raised under Rule 12(b)(1) that must be resolved preliminarily. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). Because the defendants only challenge the plaintiffs' standing to bring state law claims, and it has been recommended that supplemental jurisdiction not be exercised over those claims, the Court need not address this issue.

4

jurisdiction." *Id*.

The district court may dismiss for lack of subject matter jurisdiction based on (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). A motion to dismiss based on the complaint alone presents a "facial attack" that requires the court to merely decide whether the allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject matter jurisdiction. *See Paterson v. Weinberger*, 644 F. 2d 521, 523 (5th Cir. 1998). "If sufficient, those allegations alone provide jurisdiction." *Id*. Facial attacks are usually made early in the proceedings. *Id*. When the evidence is presented with the motion to dismiss, then the attack is "factual" and "no presumptive truthfulness attaches to [the] allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist. *Ramming*, 281 F.3d at 161.

Here, the defendants do not support their motion with evidence outside the complaint. Because they present a facial attack, determination of the issues does not require resolution of disputed factual matters outside the pleadings. Accordingly, all of Plaintiffs' factual allegations will be accepted as true. *See Williamson*, 645 F. 2d at 412.

**B.** *Rooker-Feldman*

"The *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1521-22 (2005). "[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). Under 28 U.S.C. § 1257, the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state. "'[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

Where a plaintiff challenges a creditor's collection practices rather than the validity of a state judgment for collection of an underlying debt, an FDCPA claim is not "inextricably intertwined" with the state court's grant of relief so as to deprive a federal court of jurisdiction. *See Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 794 (S.D. Tex. 2010) (reviewing cases); *Brooks v. Flagstar Bank, FSB*, No. 11-67, 2011 WL 2710026, *4 (E.D. La. July 12, 2011) (quoting *Naranjo*) (same); *Hunter v. Copeland*, No. 03-2584, 2004 WL 11612368, *5 (E.D. La. May 24, 2004) (same); *Walton v. Franklin Collection Agency, Inc.*, No. 198CV288DD, 1999 WL 33537147, *2 (N.D. Miss.

May 6, 1999) (same). *But see Wylie v. Bank of New York Mellon*, __ F. Supp. 2d __, 2012 WL 729842, *4-6 (E.D. La. Mar. 6, 2012) (relying on non-FDCPA cases involving requested modification of, or direct challenge to, state judgments to find FDCPA claim "inextricably intertwined" with the state court judgment).

Here, although Plaintiffs' complaint recounts the proceedings in state court in detail, it does not challenge the judgment against them for collection of the debt. Rather, it challenges the defendants' specific conduct and actions while attempting to collect the debt. Accordingly, their FDCPA claims are not "inextricably intertwined" with the state court judgment so as to deprive this Court of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

### III. RULE 12(b)(6) MOTIONS TO DISMISS

All defendants move to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6) on grounds that it fails to state a claim upon which relief can be granted. (*See* docs. 14, 15, 16 and 27.)

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed

even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. 570; *accord Iqbal*, 556 U.S. at 679-80.

**A.**     ***Res Judicata***

Primary, Morrissey, Gilbert and the Dudley Defendants contend that Plaintiffs' claims against them are barred by the doctrine of *res judicata* because the "claims are the same claims raised in the prior suit or which could have been raised in the first action and/or were compulsory counterclaims." (*See* doc. 27 at 5.)

8

Under Texas law, the elements of "the affirmative defense of *res judicata* are (1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).[7] "'The judgment in the first suit precludes a second action by the parties and their privies on matters actually litigated and on causes of action or defenses arising out of the same subject matter that might have been litigated in the first suit.'" *Id.* (quoting *Gracia v. RC Cola–7–Up Bottling Co.,* 667 S.W.2d 517, 519 (Tex.1984)).[8] To determine whether a second action is based on the same claims that were or could have been raised in a prior action, Texas has adopted the transactional approach set forth in the Restatement of Judgments. *Barr v. Resolution Trust Corp. ex rel. Sunbelt Fed. Sav.*, 837 S.W.2d 627, 631 (Tex. 1992). The transactional approach to *res judicata* "mandates that a defendant bring as a counterclaim any claim arising out of the transaction or occurrence that is the subject matter of the opposing party's suit." *Weaver v. Texas Capital Bank, N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). Under this transactional approach,

> a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose. A "transaction" under the Restatement is not equivalent to a sequence of events, however; the determination is to be made pragmatically, "giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage."

*Barr,* 837 S.W.2d at 631 (citations omitted).

---

[7] "The full faith and credit statute, 28 U.S.C. § 1738, requires federal courts to follow state rules of *res judicata* when a claim premised on a state judgment is asserted." *Browning v. Navarro,* 887 F.2d 553, 563 (5th Cir. 1989) (citing *Marrese v. American Academy of Orthopedic Surgeons,* 470 U.S. 373 (1985); *see also Del-Ray Battery Co. v. Douglas Battery Co.*, 635 F.3d 725, 730 (5th Cir. 2011).

[8] The defendants' discussion focuses only on the third element of the *res judicata* defense.

9

Although the Texas Supreme Court has not addressed whether a prior judgment in an action on a debt bars a subsequent FDCPA claim under the Restatement's transactional approach to *res judicata*, other courts have considered this issue. Applying that same transactional test, the district court in *Walton v. Franklin Collection Agency, Inc.*, 1999 WL 33537147, *1-2 (N.D. Miss. May 6, 1999), found that *res judicata* did not bar the plaintiff's FDCPA claim.[9] It explained that

> [i]n this case, the Defendant cannot [show] that the same claim was involved in both actions. The first action is one for money owed. The second action is *inter alia* one for violation of the FDCPA. These two actions are not based on the same nucleus of operative facts. In the first, the nucleus of operative facts involves the failure of the Plaintiffs to pay their hospital bills. In the second, the nucleus of operative facts involves the subsequent conduct of the Defendant in trying to collect on those hospital bills. Indeed, the facts in the first action are irrelevant to the second action; an action under the FDCPA is not contingent upon the validity of the underlying debt. Therefore, the doctrine of claim preclusion does not bar the present action under the FDCPA.

*Walton*, 1999 WL 33537147 at *2 (citing *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir.1992).[10]

The same reasoning is applicable in this case. The nucleus of operative facts in the underlying state court case involves Plaintiffs' failure to pay a loan. The nucleus of operative facts for the FDCPA claim involves the subsequent conduct of the defendants in trying to collect on the loan. Because the defendants have not met their burden of establishing their affirmative

---

[9] "To determine whether two suits involve the same claim . . ., [the Fifth Circuit] has adopted the transactional test of the Restatement (Second) of Judgments. Thus, the critical issue is whether the two actions under consideration are based on "the same nucleus of operative facts." *Walton*, 1999 WL 33537147 at *1 (quoting from *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 934 (5th Cir. 1999)).

[10] *See also Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir.1997) ("Debt attachment and debt collection are matters separated by time and purpose."); *Nikkel v. Wakefield & Associates, Inc.*, 2011 WL 4479109, *5 (D. Colo. Sept. 26, 2011); *Azar v. Hayter*, 874 F.Supp. 1314, 1317 (N.D.Fla.1995).

10

defense of *res judicata* based on the complaint, their motion to dismiss should be denied on this basis.

**B.       Failure to State Claim**

       **1.        Jenkins/Babb Defendants**

The Jenkins/Babb Defendants contend that the complaint does not state a plausible claim for relief under the FDCPA because it does not allege sufficient facts to support the claim that they are debt collectors as defined by 15 U.S.C. § 1692a(6).  (doc. 14 at 5; doc. 15 at 5; doc. 16 at 5.)

The FDCPA prohibits a "debt collector" from: 1) using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" or 2) using "unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §§ 1692e-f.  A "debt collector" is also required to provide a proper validation notice of a consumer's rights and to refrain from engaging in collection activities or communications which "overshadow" or are "inconsistent with the disclosure of the consumer's right to dispute the debt" within the 30-day window for disputing a debt.  15 U.S.C. § 1692g(a) and (b).

A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  The statute sets forth two categories of debt collector – those who collect debts as the "principal purpose" of their business and those who collect debts "regularly."  *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008).  "A person may 'regularly' collect debts even if debt collection is not the principal

11

purpose of his business." *Id*. "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt collection activities." *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007). *See also Garrett v. Derbes*, 110 F.3d 317 (5th Cir. 1997).

The amended complaint alleges serially that each defendant is a "'debt collector' as defined by 15 U.S.C. § 1692a(6)". (doc. 6 at 2-4.) It also recites that Jenkins/Babb was "at all relevant times . . . engaged, by the use of the mail and telephone, in the business of attempting to collect a 'debt' from Plaintiffs, as defined by 15 U.S.C. § 1692a(5)." (*Id*. at 2-3.) The only other allegations pertaining to the Jenkins/Babb Defendants state that they:

> Sent a collection notice to Plaintiffs;
> Replied to Plaintiffs' request for validation by providing a number of copies of various documents and a document referred to as a "transaction statement";
> Filed a lawsuit against Plaintiffs for Wells Fargo;
> Filed a Motion for Summary Judgment consisting of a number of documents with an affidavit from a person stating she is a "credit manager" with Wells Fargo; and
> Appeared at the hearing on the summary judgment motion at which time the state court entered judgment against Plaintiffs.

(doc. 1 at 5, 7-9, 14-15.) Plaintiffs' description of the Jenkins/Babb Defendants as "debt collectors" is a legal conclusion which courts are not bound to accept as true. *Iqbal*, 556 U.S. at 678. The same is true with regard to the assertion that Jenkins/Babb was "at all relevant times . . . engaged, by the use of the mail and telephone, in the business of attempting to collect a 'debt' from Plaintiffs, as defined by 15 U.S.C. § 1692a(5)." The factual allegations in the amended complaint are insufficient to establish that any of the Jenkins/Babb Defendants were either engaged "in any business the principal purpose of which is the collection of any debts" or that they "regularly collect or attempt to collect . . . debts." This failure is fatal to the claim against

12

them under *Iqbal*.[11] See 556 U.S. at 678 (a plaintiff must plead sufficient factual matter to state a claim); *Guidry*, 954 F.2d at 281 (well-pleaded facts needed to avoid dismissal). Accordingly, Plaintiffs have failed to state a claim against the Jenkins/Babb Defendants, and their motions to dismiss should be granted.

### 2. Remaining Defendants

As with the Jenkins/Babb Defendants, the amended complaint alleges only that each of the remaining defendants is a "'debt collector' as defined by 15 U.S.C. § 1692a(6)". (doc. 6 at 2-4.) It likewise only recites that Primary and the Dudley Law Firm were "at all relevant times . . . engaged, by the use of the mail and telephone, in the business of attempting to collect a 'debt' from Plaintiffs, as defined by 15 U.S.C. § 1692a(5)." (*Id*. at 2-3.) Plaintiffs have therefore also failed to plead adequate facts to establish the remaining defendants' status as "debt collectors" for purposes of the FDCPA. Although these defendants do not move to dismiss Plaintiffs' claims against them on this basis, the Court may *sua sponte* dismiss the claims for the same reasons as the claims against the Jenkins/Babb Defendants as long as Plaintiffs have notice and an opportunity to be heard. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006); *see also Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642-43 (5th Cir. 2007) (a court may *sua sponte* dismiss for failure to state a claim, without prior notice, as long as Plaintiff has alleged his "best case"). The fourteen-day time frame for filing objections to the recommended dismissal provides the requisite notice and opportunity to be heard. *See Ratcliff v. Coker*, 2008

---

[11] The Fifth Circuit has not addressed a Rule 12(b)(6) challenge to the sufficiency of factual allegations that a defendant is a debt collector. Other district courts that have addressed this issue have granted Rule 12(b)(6) motions based on the failure to plead facts regarding the regularity with which a defendant collected debts or whether defendant's principal purpose was debt collection. *See Deplae v. Regional Acceptance Corp.*, No. 3:09-CV-227, 2010 WL 2270785 (E.D. Tenn. June 3, 2010); *Williams v. Citibank, N.A.*, 565 F.Supp.2d 523, (S.D.N.Y. 2008); *Vitale v. First Fidelity Leasing Group*, 35 F.Supp.2d 78 (D. Conn. 1998).

WL 4500321, at *3 n. 1 (E.D. Tex. Sept. 26, 2008). Since Plaintiffs have failed to state a claim against Primary, Morrissey, Gilbert and the Dudley Defendants, their FDCPA claim against these defendants should be dismissed.

### B. Supplemental Jurisdiction

Because all of Plaintiffs' FDCPA claims should be dismissed, only their state law claims under the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act remain pending. (doc. 6 at 16-17.)

A federal court may exercise supplemental jurisdiction over state claims in any civil action over which it has original jurisdiction. 28 U.S.C. § 1367(a). Whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the court, however. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because Plaintiffs' federal claims are subject to dismissal pursuant to Rule 12(b)(6), their state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

### IV. OPPORTUNITY TO AMEND

Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Texter*, 2001 WL

627600, at * 2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. April 12, 2004); *Sims*, 2001 WL 627600, at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal*, see Swanson v. Aegis Commc'ns Group, Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Plaintiffs amended their complaint as a matter of right prior to serving it. Their first amended complaint failed to state a claim. Plaintiffs attempted to file a second amended complaint that also fails to state a plausible claim for relief under the FDCPA because it includes no additional factual allegations regarding the defendants' status as debt collectors.[12] Despite three attempts, they have failed to state a claim that withstands the Rule 12(b)(6) challenge. It appears Plaintiffs have pled their best case to the Court, so no further opportunity to amend their complaint is warranted.

---

[12] The second amended complaint was stricken because Plaintiffs filed it without obtaining leave as required by Fed. R. Civ. P. 15(a)(2). *(See* doc. 26.) Although Plaintiffs did not seek leave to refile it, it has also been considered in determining whether they have stated a claim against the defendants.

15

## IV.  RECOMMENDATION

The Dudley Defendants, Gilbert, Morrissey and Primary's motion to dismiss should be **DENIED.**  The Jenkins/Babbs Defendants' motions to dismiss should be **GRANTED** as to the FDCPA claims, and the FDCPA claims against them as well as the Dudley Defendants, Gilbert, Morrissey and Primary should be **DISMISSED** with prejudice**.**  The Court should decline to exercise supplemental jurisdiction over the remaining state law claims against all defendants, and these claims should be **DISMISSED** without prejudice to pursuing them in state court.

**SO RECOMMENDED** on this 31st day of July, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE