

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL GARCIA JR., et al., | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:11-CV-3171 |
| vs | § § | |
| JENKINS | BABB, LLP, et all, | § § § | |
| Defendants. | § § | |

### PLAINTIFFS' RESPONSE TO MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS AND RECOMMENDATIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW the Plaintiffs, Israel Garcia Jr. and Melissa R. Garcia who hereby submit their response to the findings, conclusions and recommendations of the Magistrate Judge and state as follows:

### I. INTRODUCTION

1. On November 16, 2011 Plaintiffs filed a suite for Violations of Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., Texas Debt Collection Practices Act (TDCPA) and Texas Deceptive Practices Act, against JENKINS | BABB, LLP (Jenkins/Babb), Robert E Jenkins (Jenkins), Jason Babb (Babb), Dustin T. Dudley (Dudley), Dustin T. Dudley, Attorney at Law (Dudley Law Firm), Primary Financial Services (Primary), Margaret Morrissey (Morrissey), Chris Gilbert (Gilbert), and Billi J Geneser Gannon (Gannon). (*See* doc 3.)

2. On December 8, 2011 Plaintiffs filed an amended complaint before service on the Defendants.

3. On January 3, 2011 Defendants Jenkins/Babb, Jenkins, Babb filed a Motion to Dismiss Pursuant to FRCP 12(b)(6). (*See* doc 13, 14 ,16.)

4. On January 23, 2012 Plaintiffs filed a Motion for enlargement of time to answer Defendants Jenkins/Babb, Jenkins, Babb. (*See* doc 22.). On January 25, 2012 court granted Plaintiffs' Motion for Enlargement of Time. (*See* doc 25.)

5. On January 27, 2012 Defendants Primary, Dudley Law Firm, Dudley, Gilbert, and Morrissey filed a Motion to Dismiss Pursuant to FRCP 12(b)(6) and an answer. (*See* doc 27, 28.). The respondent may file a response by February 17, 2012. (*See* doc 29.)

6. On February 3, 2012 Plaintiffs filed a Motion for Enlargement of time to answer Defendants Jenkins/Babb, Jenkins, Babb filed a Motion to Dismiss. (*See* doc 30.). The court granted Plaintiffs' Motion for Enlargement of time on February 6, 2012 (*See* doc 32)

7. On February 3, 2012 filed a separate Motion for Enlargement of time to answer Motion to Dismiss Defendants Primary, Dudley Law Firm, Dudley, Gilbert, and Morrissey's Motion to Dismiss. (*See* doc 31.) The court granted Plaintiffs' Motion for Enlargement of time on February 6, 2012 (*See* doc 33)

8. On February 13, 2012 Plaintiffs timely filed a Response to Defendants Jenkins/Babb, Jenkins, Babb Motion to Dismiss. (*See* doc 35, 36, 37.)

9. On March 2, 2012 Plaintiffs filed a timely response to Defendants Primary, Dudley Law Firm, Dudley, Gilbert, and Morrissey's Motion to Dismiss. (*See* doc 40.)

10. On July 31, 2012 the court issued Findings, Conclusions and Recommendations. (*See* doc 44.)

## II. ARGUMENT

11. When considering Defendants' motions, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiffs. *In Re Stac Elec. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones V. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). **Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendants' motions.** (Emphasis added) *Hishon v. King & Spaulding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in Plaintiffs' complaint support any legal theory that entitles Plaintiffs' to some relief, the court should overrule Defendants' motions.

12. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plaint statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* At 555. **"[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."** *Id.* **At 570.** (Emphasis added)

13. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". *Friends of Lake View School District v. Beebe*, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* **A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct"** (Emphasis added). *Ashcroft v. Iqbql*, 129 W.Ct. 1937, 1950 (2009).

14. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

15. In this case, Plaintiffs alleged causes of action for violations of the FDCPA, TDCPA and DTPA against all Defendants. The elements are:

   a. That Plaintiffs received an initial dunning letter from Dudley, on behalf of Primary, which blatantly overshadowed under 15 U.S.C. § 1692g(a)(3) by stating during the initial thirty (30) day dispute period that *"If you fail to make acceptable arrangements within the next 20 days, I will provide Primary Financial Services with my recommendation that a civil lawsuit be filed against you to collect the outstanding balance owed on your account.."*

   b. That the letter from Dudley, on behalf of Primary, blatantly **self-identified themselves** as debt collectors when **they stated that they were debt collectors and were attempting to collect a debt as alleged and stated in Plaintiffs' original and amended complaints.**

   c. That the amount that Dudley, in concert with Primary, attempted to collect was in excess of **$1000 MORE than what Jenkins/Babb sued the Plaintiffs for**.

   d. That the initial dunning letter Plaintiffs' received from Jenkins/Babb, Jenkins and Babb blatantly **self-identified themselves as debt collectors when they stated they were attempting to collect a debt and gave the "mini miranda" language required of debt collectors under the FDCPA.**

    e. That Jenkins/Babb, Jenkins and Babb operated in collusion as shown through the notices in their own communications with Dudley, Primary, Gilbert and Morrissey on multiple occasions as stated in the Plaintiffs' complaints.

    f. That Jenkins/Babb, Jenkins and Babb engaged in attempts to collect a debt from the Plaintiffs where a demand for validation had been previously made and **not so much as an attempt to validate** the alleged debt had been made by any of the parties at the time Jenkins/Babb, Jenkins and Babb attempted to collect the alleged debt from the Plaintiffs.

    g. That Jenkins threatened Plaintiffs' after judgment was rendered in the state case regarding collection of the debt by stating he would add $5,000 to the amount of the judgment if the Plaintiffs' appealed the judgment.

    h. Plaintiffs' have alleged companion violations of the TDCPA and Texas DTPA against the Defendants in concert with the FDCPA violations.

16. In the Magistrate Judge's Findings, Conclusions and Recommendations **III RULE 12(b)(6) MOTIONS TO DISMISS B. Failure to State a Claim 1. Jenkins/Babb Defendants,** the Magistrate Judge makes note of the Jenkins/Babb Defendants argument that the complaint does not state a plausible claim for relief under the FDCPA because it does not allege sufficient facts to support the claim that they are debt collectors. What the Magistrate fails to acknowledge is that the Jenkins/Babb Defendants **SELF IDENTIFY themselves as debt collectors** and the Plaintiffs make that allegation against them in the pleadings as well. Not recognizing the obvious statements BY THE DEFENDANTS THEMSELVES as to their activities as debt collectors is a major oversight by the Court. Plaintiffs made a "plausible" claim against the Defendants that could be understood by even the lay person by them

pointing out their own activities as debt collectors. The Magistrate Judge also states that the Plaintiffs' description of the Jenkins/Babb Defendants as "debt collectors" is a legal conclusion which courts are not bound to accept as true.(*Iqbal*, 556 U.S. at 678)  While the court is not necessarily bound to accept the Plaintiffs' description as true relating to the Jenkins/Babb Defendants, (*Iqbal*, 556 U.S. at 678) the court should follow more lenient guidelines at this juncture of the proceedings in light of the Plaintiffs' *pro se* status and the Court must hold them to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. *See Haines v. Kerner*, 404 U.S. 519,520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972). The remedial nature of the FDCPA requires that courts interpret it liberally. *Clark v. Capital Credit & Collection Services, Inc.* 460 F. 3d. 1162, 1176 (9th Cir. 2006). At the least, the Court should grant the Plaintiffs leave to amend to correct any obvious, (and especially narrow) deficiencies as noted by the Magistrate Judge. In this case Plaintiffs have stated facts which would indicate that by Defendants' own admission there is enough reason to pursue the production of further evidence through discovery as to the "regularity" of their debt collection activities that would buttress the Plaintiffs claims of them being debt collectors as defined in the FDCPA.

17. In the Magistrate Judge's Findings, Conclusions and Recommendations **III RULE 12(b)(6) MOTIONS TO DISMISS B. Failure to State a Claim 2. Remaining Defendants,** the Magistrate Judge makes note of the fact that the Defendants have not moved to dismiss. Instead of allowing the Plaintiffs to move forward against them the Magistrate Judge instead chooses to *sua sponte* dismiss all FDCPA claims against the other Defendants rather than allow the *pro se* Plaintiffs to amend their pleadings, if necessary, in response to the Magistrate Judge's recommendations as was their request in their responses to all motions to

dismiss brought by all Defendants. This again is in contradiction to the spirit of the decision in Haines v. Kerner. The Supreme Court in Haines v. Kerner recognized the fact that pro se litigants are not trained to the same standard as Bar licensed attorneys and should therefore NOT be held to the same pleading standard so as not to put them at a distinct disadvantage before the court. The Court should construe the Plaintiffs' pleadings liberally and allow the Plaintiffs to amend their complaint to properly state their claim and correct the deficiencies identified by the Magistrate Judge so that justice may be properly served for ALL parties to the action. "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." *Johnson v. Riddle*, 305 F.3d. 1107, 1117 (10th Cir. 2002).

18. Any reasonable person who would read the Plaintiffs' pleadings would see that there are legitimate allegations of violations of multiple statutes, state and federal, where in the interest of justice the minimal deficiencies noted by the Magistrate Judge may be easily corrected by the Plaintiffs and the case should move forward ON THE MERITS.

19. The intent of Congress in drafting and passing the FDCPA, as it was done, was to have the consumers of this country acting as private attorney generals keeping the debt collectors, whether they be attorneys or non-attorneys, in check through civil litigation, if necessary, rather than putting the entire burden of enforcement on an already overburdened federal government and especially the FTC. The fact that the statute has been cited in so many different cases nationwide as needing to be liberally construed in favor of the consumer is testament that the courts have followed through and most generally understood the need to have the consumer very much in the lead on enforcement of the FDCPA. It is only common sense that a number of consumers would not be in a position to retain attorneys to represent

themselves in court proceedings and would therefore, as *pro se* litigants, be at a distinct disadvantage when their adversary is a highly educated and trained Bar licensed attorney. The courts have demonstrated in many decisions that it is necessary for the *pro se* consumer litigant to be given extra latitude in dealing with errors or mistakes and be allowed to correct them in a reasonable fashion and timeframe with guidance from the court in doing so. It is paramount that this ability of the *pro se* litigant to have some leniency from the court in dealing with errors or mistakes be preserved and brought forth when necessary to foster justice and follow through on the intent of Congress. This is especially important now with the incredible proliferation of blatant fraud in the mortgage industry that has been documented and exposed as well as the more recent revelations in *American Banker* and many other publications nationwide about the blatant fraud in the credit card arena that is being perpetrated on the consumers of America by the bankers and debt collectors through their oft times unconscionable behavior and tactics used in attempting to collect money from consumers that is not owed by them. It is only through litigation brought by the consumer, if necessary, that America is going to see any improvement in the dismal statistics of debt collector abuse that are common knowledge to most Americans and without a doubt, the judiciary, that deals with these issues every day. Multi-million dollar settlements paid by a number of debt collection companies in recent times including Asset Acceptance Corporation (2.5 million), NCO Financial Services and others indicate what a horrific problem there is with debt collection abuse today and the statistics get worse year over year. It is most imperative that the Court give Plaintiffs' such as those in this case the latitude and consideration to correct deficiencies in their pleadings so that the debt collection industry "feels the heat" from the consumer including the *pro se* consumer who seeks nothing more

than justice and finds themselves at a distinct disadvantage when they take on the role of enforcement of the FDCPA as Congress intended.

20. The Court can plainly see that the Plaintiffs are not the "run of the mill" pro se litigants that have at times been a thorn in the side of the judiciary. To the contrary, the Plaintiffs have expended a very substantial amount of time and energy to learn how to properly use the judicial system to seek redress of grievances such as in this case. Plaintiffs have made every effort to learn and comply with the rules and procedures of the Court. As can be expected, mistakes or errors can occur and that is where the intent of the United States Supreme Court in Haines v. Kerner in concert with the intent of Congress in drafting and passing the FDCPA merge to enable the average person with no formal legal education or training to take on the responsibilities of enforcement and be on what should be a "reasonably" level playing field. The Plaintiffs do not ask for extra special treatment but instead ask for, and expect, to receive a fair shake and reasonable treatment from a judicial system that is supposed to be there for them.

21. The Magistrate Judge addresses the opportunity to amend in **IV. OPPORTUNITY TO AMEND** and at the very beginning states "Notwithstanding a plaintiff's failure to plead sufficient facts, the Fifth Circuit is inclined to give pro se plaintiffs several opportunities to state a claim upon which relief can be granted. See *Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Texter*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). <u>Courts therefore typically allow pro se plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order</u>, See *Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. April 12, 2004); *Sims*, 2001 WL 627600, at *2 or when a *pro se* plaintiff seeks to amend his complaint in response to a

recommended dismissal, *See Swanson v. Aegis Commc'ns Group, Inc.*, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); Scott, 2008 WL 398314, at *1. Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 322, 327 (5th Cir.1999).

22. The Magistrate Judge correctly states that Plaintiffs amended their complaint twice with the second amended complaint immediately stricken from the record due to failure to obtain leave to amend before filing rather than any deficiency in the pleading. That has been the ONLY major procedural mistake by the Plaintiffs since commencing their lawsuit and they have responded to every motion to dismiss in a timely manner as required by the Federal Rules of Civil Procedure. Plaintiffs chose not to amend their complaint again at that time because of the filing of the multiple motions to dismiss by the Defendants and decided to await the Court's ruling on the motions to dismiss. The plaintiffs made a request in all of their responses to motions to dismiss that if the court found that they failed to state a claim that they be given leave of court to file an amended pleading to correct any possible deficiencies. That brings us to the present time where the Plaintiffs once again request that the court DENY the Defendants' motions to dismiss and if necessary in the interest of justice to grant leave to amend their pleadings one more time to correct any deficiencies as determined by the Court and allow their cause of action to go forward ON THE MERITS so justice may be properly served rather than cut short. The Plaintiffs have pled a good case but have NOT pled their best case and ask the court to grant them leave to amend so that they

may do so. To not grant the *pro se* Plaintiffs leave to amend their complaint and dismiss their claim with prejudice would have a dramatic chilling effect on not only the Plaintiffs but other *pro se* litigants and consumers as well to see that one easily correctable deficiency in a pleading that was not allowed to be corrected by the Court would deny them their ability to protect themselves from those who would prey on them simply because they are far less educated and experienced in legal process and procedures.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court DENY the Defendants' motions to dismiss and if deemed necessary, to grant them leave to amend their complaint to correct any deficiencies so that justice may properly be served in this cause of action and the great State of Texas.

Dated: August 30, 2012

Respectfully Submitted,

_____
Israel Garcia Jr.
115 Evening Star Circle
Red Oak, Texas 75154
972-816-6374

_____
Melissa R. Garcia
115 Evening Star Circle
Red Oak, Texas 75154
972-816-6374

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent to the parties listed below by USPS First Class Mail.

Robert E. Jenkins
2727 LBJ Freeway Suite 900
Dallas, Texas 75234

JENKINS|BABB, LLP
2727 LBJ Freeway Suite 900
Dallas, Texas 75234

Jason Babb
2727 LBJ Freeway Suite 900
Dallas, Texas 75234

Keith Wier
Bush & Ramirez, LLC
5615 Kirby Dr., Suite 900
Houston, Texas 77005

Dated August 30, 2012

_____
Israel Garcia Jr.