**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ISRAEL GARCIA JR., et al.,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| vs. | ) No. 3:11-CV-3171-N-BH |
| | ) |
| **JENKINS/BABB LLP, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation ("FCR") of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge is of the opinion that the Findings and Conclusions of the Magistrate Judge are correct and they are accepted as the Findings and Conclusions of the Court. *Defendants Dustin T. Dudley, Dudley Law Firm, Chris Gilbert, Margaret Morrissey and Primary Financial Services' Motion to Dismiss Pursuant to FRCP 12(b)(6)* (doc. 27), filed January 27, 2012, is **DENIED**. *Defendant Jenkins/Babb LLP's Motion to Dismiss Pursuant to FRCP 12(b)(6)* (doc. 14), *Defendant Robert E. Jenkins' Motion to Dismiss Pursuant to FRCP 12(b)(6)* (doc. 15), *Defendant Jason Babb's Motion to Dismiss Pursuant to FRCP 12(b)(6)* (doc. 16), all filed January 3, 2012, are hereby **GRANTED,** and Plaintiffs' Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. against them will be dismissed with prejudice for failure to state a claim upon which relief can be granted. Plaintiffs' FDCPA claims against the remaining defendants will also dismissed with prejudice *sua sponte* for failure to state a claim upon which relief can be granted.

Plaintiffs object to the FCR's recommendation that they not be given leave to amend. The

FCR notes that they have amended once and attempted to amend a second time, neither of which cured the deficiency in their pleadings regarding Defendants' status as debt collectors.  Because neither of the two putative amendments cured that problem, the FCR determined that Plaintiffs had pled their best case.  The Court respectfully disagrees.  In neither of those attempts to amend did Plaintiffs have the benefit of the explanation in the FCR of the deficiency in their pleading regarding debt collector status.  Accordingly, the Court grants Plaintiffs leave to amend their complaint within twenty-eight (28) days of the date of this Order to address the deficiency discussed in the FCR.

Plaintiffs make much in their objection of their status as pro se litigants and the lenity that should be afforded them by the Court on account of that status.  The Court notes that it has never seen a pleading actually prepared by a pro se litigant without the assistance of counsel that looks as much like a pleading prepared by an attorney as the objections filed by Plaintiffs.  Courts have considered the propriety of attorneys not of record drafting pleadings to be filed by ostensibly pro se litigants, and have raised concerns, including wrongly giving a lenient reading to ostensibly pro se pleadings actually drafted by attorneys.  *See, e.g.*, *Duran v. Carris*, 238 F.3d 1268, 1271-73 (10th Cir. 2001); *Wesley v. Don Stein Buick, Inc.*, 987 F. Supp. 884 (D. Kan. 1997); *Laremont-Lopez v. Southeastern Tidewater Opportunity Ctr.*, 968 F. Supp. 1075 (E.D. Va. 1997); *In re Mungo*, 305 B.R. 762, 767-70 (Bankr. D.S.C. 2003); *see also* ABA Formal Op. 07-446.  Accordingly, if this matter remains pending before the Court, Defendants may conduct discovery into whether Plaintiffs have obtained the assistance of any undisclosed attorney so the Court can determine what actions should be taken regarding that.

If Plaintiffs do not amend within the time specified, the Court will dismiss this action in accordance with the FCR.  If Plaintiffs do amend, then any further proceedings will be before the Magistrate Judge pursuant to Special Order 3-251.

SIGNED September 5, 2012.

_____
DAVID C. GODBEY
United States District Judge