**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL GARCIA JR.<br>MELISSA R. GARCIA<br>*Plaintiffs* | § § § § § | |
| vs | § § | |
| JENKINS \| BABB, LLP<br>ROBERT E. JENKINS<br>JASON BABB<br>PRIMARY FINANCIAL SERVICES<br>MARGARET MORRISSEY<br>CHRIS GILBERT<br>DUSTIN T. DUDLEY,<br>ATTORNEY AT LAW<br>DUSTIN T. DUDLEY<br>*Defendants* | § § § § § § § § § § § § | Case No. 11-CV-3171-N-BH<br><br><br><br><br>TRIAL BY JURY DEMANDED |

## THIRD AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, the Plaintiffs in the above captioned cause of action who timely file their Third Amended Complaint pursuant to the Order of this Court (Doc. 48) filed September 5, 2012.

### NATURE OF THE ACTION

1. This is an action for damages brought by Plaintiffs for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), The Texas Debt Collection Practices Act, Chapter 392 ("TDCPA") and the Texas Business and Commerce Code, Subchapter E. Chapter 17, ("DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. All alleged violations occurred within the statute of

limitations having occurred within one year of the filing of the Original Complaint and this Amended Complaint relates in all matters to the Original Complaint.

2. Plaintiffs seek to recover monetary damages for Defendants' violations of the FDCPA, TDCPA and the DTPA.

## JURISDICTION

3. This court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C § 1331.

## PARTIES

4. Plaintiffs Israel Garcia Jr. and Melissa R. Garcia ("Plaintiffs") are natural persons residing in Ellis County, Texas.

5. Plaintiffs are consumers as defined by the FDCPA, 15 U.S.C. 1692a(3) and the Texas Business and Commerce Code § 17.50(a)(1) and Texas Finance Code § 392.001(1).

6. Defendant JENKINS | BABB, LLP ("JENKINS/BABB") is a law firm located in Dallas, Texas who at all relevant times was engaged, by the use of the mail and telephone in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

7. JENKINS/BABB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

8. Defendant JENKINS/BABB is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

9. Defendant Robert E. Jenkins ("JENKINS") is a principal of the law firm JENKINS/BABB and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2) who at all relevant times was engaged, by the use of the mail and telephone in the

business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

10. JENKINS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant Jason Babb ("BABB") is a principal in the law firm JENKINS/BABB and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2) and who at all relevant times was engaged, by the use of the mail and telephone in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

12. BABB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Defendant PRIMARY FINANCIAL SERVICES ("PRIMARY") is a firm located in Phoenix, Arizona who at all relevant times was engaged, by the use of the mail and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

14. PRIMARY uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15. Defendant PRIMARY is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

16. Defendant Margaret Morrisey ("MORRISEY") upon information and belief is an employee of PRIMARY and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

17. MORRISEY uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

18. Defendant Chris Gilbert ("GILBERT") upon information and belief is an employee of PRIMARY and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

19. GILBERT uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

20. Defendant DUSTIN T. DUDLEY, ATTORNEY AT LAW ("DUDLEY LAW FIRM") is a law firm in Phoenix, Arizona who, as in-house counsel for PRIMARY, at all relevant times was engaged, by the use of the mail and telephone in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. § 1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

21. DUDLEY LAW FIRM uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

22. Defendant DUDLEY LAW FIRM is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

23. Defendant Dustin T. Dudley ("DUDLEY") is a principal of DUDLEY LAW FIRM, is in-house counsel for PRIMARY and is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

24. DUDLEY uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

## VENUE

25. The occurrences which give rise to this action occurred in Ellis County, Texas and Plaintiffs reside in Ellis County.

26. Venue is proper in the Northern District of Texas Dallas Division.

## FACTUAL ALLEGATIONS

27. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than the Defendants.

28. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants.

29. On November 17, 2010 Plaintiffs received a collection letter dated November 11, 2010 from the DUDLEY LAW FIRM signed by DUDLEY. DUDLEY identified himself and his law practice as in-house counsel for PRIMARY, who was attempting to collect a debt alleged to be owed to WELLS FARGO acct. # 89666178161540001 in the amount of $17,018.68. At the bottom of the letter it stated *"This is a communication from a debt collector. This is an*

*attempt to collect a debt and any information obtained will be used for that purpose."* See Exhibit "A" attached.

30. In connection with the collection of the alleged debt, DUDLEY sent Plaintiffs a false and misleading initial written communication on DUDLEY LAW FIRM letterhead dated November 11, 2010 in which DUDLEY stated, in relevant part, as follows: *"If you fail to make acceptable arrangements within the next 20 days, I will provide Primary Financial Services with my recommendation that a civil lawsuit be filed against you to collect the outstanding balance owed on your account."* In stating within the initial thirty (30) day dispute period *" If you fail to make acceptable arrangements within the next 20 days I will provide Primary Financial Services with my recommendation that a civil lawsuit be filed against you......."* DUDLEY's statements overshadowed and were inconsistent with the disclosures required by 15 U.S.C. § 1692g(a) et seq. and 15 U.S.C. § 1692e(10), 1692g(b).

31. The demand made by DUDLEY LAW FIRM, DUDLEY, and PRIMARY for $17,018.68 which showed no calculation of the amount of the alleged debt, was a false and misleading representation of the amount of the alleged debt, and constituted an unfair and unconscionable means being employed to collect a debt alleged to be owed by the Plaintiffs in violation of 15 U.S.C. § 1692e(2), § 1692f and Tex. Fin. Code § 392.303(a)2.

32. Plaintiffs responded within 30 days of receipt of the collection notice from DUDLEY LAW FIRM, DUDLEY, and PRIMARY by sending a demand for validation of the alleged debt to DUDLEY and PRIMARY and made a demand to cease and desist from further collection activity until validation of the alleged debt was provided. Plaintiffs' response was dated November 19, 2010, was sent by certified mail, and was received by PRIMARY on November 26, 2010 as evidenced by USPS records.

33. At no time did Plaintiffs ever receive any response to their demand for validation.

34. On or about January 18, 2011 Plaintiffs received a collection notice dated January 14, 2011 from JENKINS/BABB for an Acct. # 661-78161540001 in the amount of $15, 954.32 alleged to be owed to WELLS FARGO BANK, N.A. which was signed by JENKINS. *See* Exhibit "B" attached.

35. The alleged account number on the demand for payment from JENKINS was similar to but different than the account number on the demand from DUDLEY/PRIMARY.

36. In the second paragraph of JENKINS' letter it stated in part: *"We are required by law to inform you that we, on behalf of Creditor, are attempting to collect a debt. Any information obtained will be used for the purpose of collecting the debt described in this letter."*

37. There was a notation on the letter that it was copied to Margaret Morrissey (MORRISSEY) via email indicating JENKINS/BABB and JENKINS were in contact with and reporting to individual personnel at PRIMARY in the collection of the alleged debt. *See* Exhibit "B"

38. MORRISSEY, as an employee of PRIMARY, was being made fully aware of the actions of JENKINS/BABB and JENKINS individually in the collection process against the Plaintiffs.

39. The amount alleged to be owed in the collection notice sent by JENKINS/BABB and JENKINS was in excess of a thousand dollars LESS than the amount previously demanded by DUDLEY, DUDLEY LAW FIRM, and PRIMARY.

40. The letter from JENKINS indicates that DUDLEY, DUDLEY LAW FIRM, PRIMARY, MORRISSEY, JENKINS/BABB and JENKINS were acting in concert with each other attempting to collect various amounts at various times from the Plaintiffs for the same alleged debt.

41. The aforementioned actions of the Defendants constituted false, deceptive and misleading representations in the collection of a debt in violation of 15 U.S.C. § 1692e and Tex. Fin. Code § 392.304(a)(8).

42. The receipt of another collection demand from JENKINS/BABB and JENKINS while working in concert with DUDLEY, DUDLEY LAW FIRM, PRIMARY, and MORRISSEY when a previous demand for validation and to cease and desist from collection was timely made, **and not responded to or complied with**, is a deceptive practice and a violation of 15 U.S.C. § 1692g(b) and the TDCPA.

43. The demand for payment of $15,954.32 by JENKINS/BABB and JENKINS after the previous demand for $17,018.68 made by DUDLEY, DUDLEY LAW FIRM, and PRIMARY shows a dramatic disparity between the demands made by the two entities working in concert to attempt to collect the same alleged debt and is a deceptive practice as well as a false representation of the amount of an alleged debt in violation of 15 U.S.C. 1692e(2).

44. Plaintiffs responded within 30 days of receipt of the collection notice by sending a demand for validation of the alleged debt and a demand to cease and desist from further collection activity until validation was provided.

45. Plaintiffs' response dated January 26, 2011, was sent by certified mail and was received by JENKINS/BABB on January 28, 2011 as evidenced by USPS records.

46. Plaintiffs received a reply dated February 15, 2011 from JENKINS/BABB signed by JENKINS which consisted of a number of copies of various documents. There were documents that appeared to relate to the alleged loan regarding insurance, and a document referred to as a "transaction statement" among other things.

47. There was no complete general ledger accounting of all interest expenses, fees, if any, credits and/or any other adjustments made to/on the alleged account up to the time of the demand for payment by JENKINS/BABB and JENKINS to indicate a true and correct balance due on the alleged account.

48. There was no verified statement that the information provided as alleged validation was provided by a person who was personally involved in the creation and maintenance of the alleged business records and had first hand fact knowledge of the account records and transactions.

49. There was no name provided of any person who may have produced and/or provided the records to JENKINS/BABB, JENKINS or PRIMARY. The source and/or authenticity of the documents purported to be validation was completely unknown.

50. In the responsive letter to the Plaintiffs from JENKINS/BABB, which was signed by JENKINS, there is a notation that the letter is copied to "Mr. Gilbert" (GILBERT)

51. The notation of copying to GILBERT was further evidence that JENKINS/BABB and JENKINS were continuing to operate in concert with PRIMARY and their employees, including GILBERT, in an attempt to collect an alleged debt from the Plaintiffs.

52. On March 31, 2011 Plaintiffs were served with a summons for a lawsuit filed by JENKINS/BABB signed by JENKINS with WELLS FARGO BANK, N.A. shown to be the Plaintiff in that cause of action in the 40th Judicial District of Texas case number 82476.

53. The Plaintiffs answered the lawsuit and denied all allegations in said suit.

54. In a letter dated August 15, 2011 JENKINS sent a notice to the court clerk of the 40th District Court of Texas enclosing a Motion for Summary Judgment to be filed with the court, a copy of which was sent to the Plaintiffs.

55. There was again a notation that the information was copied to "Mr. Gilbert" (GILBERT) which was yet another indication of the **continuing collaboration** between JENKINS/BABB, JENKINS, PRIMARY, and its employee GILBERT in their deceptive and misleading debt collection scheme.

56. Upon information and belief, JENKINS/BABB, BABB and JENKINS were not attempting to collect the alleged debt directly representing WELLS FARGO BANK, N.A. as they stated but instead were attempting to collect on the alleged debt for the benefit of PRIMARY and/or other unknown entity(ies) and acting in a deceptive manner by doing so.

57. On September 7, 2011 Plaintiffs sent a "Notice of Intent to Sue" to JENKINS/BABB and WELLS FARGO BANK, N.A. informing them of the Plaintiffs' intent to file a federal lawsuit against them for violations of the FDCPA, TDCPA, and DTPA. JENKINS/BABB received said notice on or about September 8, 2011.

58. On October 4, 2011 Plaintiffs received a letter from JENKINS/BABB **threatening them** if they were to file a federal lawsuit against JENKINS/BABB and others involved in the collection of the debt alleged to be owed to WELLS FARGO BANK, N.A.

59. This threat was in direct contradiction to paragraph 3 of the **FAIR DEBT COLLECTION PRACTICES ACT NOTICE** that was enclosed with the dunning letter sent to Plaintiffs by JENKINS/BABB and JENKINS which stated "*You have the right to bring a court action to assert the non-existence of a default or any other defense that may exist.*" See Exhibit "B" attached.

60. The threat made to Plaintiffs regarding their lawsuit was an unconscionable attempt to harass, intimidate, or oppress the Plaintiffs in violation of 15 U.S.C. § 1692d.

61. At all times relevant to this action BABB, as a principal of JENKINS/BABB was aware or should have been aware of the actions taken by JENKINS and JENKINS/BABB and is liable in all respects for damages incurred by Plaintiffs as a result of their actions.

62. BABB had a duty to oversee the actions of other partners or principals and employees of JENKINS/BABB and of the firm itself to assure they did not violate any state or federal statutes or laws and BABB breached said duty by failing to do so.

63. On October 5, 2011 JENKINS appeared in the 40th District Court of Texas regarding cause number 82476 as alleged counsel for WELLS FARGO BANK, N.A. in the hearing for Summary Judgment.

64. The case was called with approximately 30 people present in the courtroom. After briefly looking at the Plaintiff's pleadings and commenting on how professionally they were prepared, the Plaintiffs' case hearing was delayed by the judge for approximately one hour.

65. When the hearing resumed the court granted summary judgment in favor of WELLS FARGO BANK, N.A. in the amount of $18,993.12 plus accruing interest without addressing Plaintiffs' timely filed challenge of JENKINS/BABB's authority to represent under Rule 12 of TRCP.

66. While Plaintiffs were waiting at the court clerk's office for a certified copy of the judgment after the hearing, JENKINS, who had already received his copy of the judgment and left the office, stuck his head back in the door and threatened the Plaintiffs once again by stating if they appealed the judgment he was going to add another $5,000 to the judgment. JENKINS' actions in doing so was yet another attempt to intimidate the Plaintiffs and a violation of 15 U.S.C. § 1692d.

## COUNT I

## **VIOLATIONS OF THE FDCPA**

67. Plaintiffs repeat and re-allege each and every allegation stated above.

68. Defendants' aforementioned conduct violated the FDCPA.

    WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

        a. Adjudging that Defendants violated the FDCPA.

        b. Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000 **per Defendant**;

        c. Awarding Plaintiffs actual damages of $18, 993.12 plus accrued interest pursuant to 15 U.S.C. § 1692k **per Defendant** which is the amount of the judgment obtained against Plaintiffs as a result of the unlawful actions of the Defendants;

        d. Awarding Plaintiffs any attorney's fees and costs incurred in this action;

        e. Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

        f. Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

## **VIOLATIONS OF THE TDCPA**

69. Plaintiffs repeat and re-allege each and every allegation stated above.

70. Defendants violated the Texas Debt Collection Practices Act in one or more of the following ways:

        g. Using false representation or deceptive means to collect a debt or obtain information concerning a consumer, including Tex. Fin. Code. § 392.304(a)(19).

    WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging the Defendants violated the TDCPA;

b) Awarding Plaintiffs statutory damages pursuant to the TDCPA;

c) Awarding plaintiffs actual damages in the amount of the judgment against them pursuant to the TDCPA;

d) Awarding Plaintiffs any attorney's fees and costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

## VIOLATION OF THE DTPA

71. Plaintiffs repeat and re-allege each and every allegation by reference herein all prior paragraphs above.

72. A violation of the Texas Debt Collection Practices Act is a deceptive trade practice under the Texas Deceptive Trade Practices Act, and is actionable under the Texas Deceptive Trade Practices Act. Tex. Fin. Code. Ann. § 392.404(a).

73. Defendants violated Tex. Bus. Com. Code § 17.50(h).

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

h. Adjudging that Defendants violated the Texas Deceptive Trade Practices Act, Tex. Bus. Com. Code, Chapter 17, Subchapter E;

i. Awarding Plaintiffs actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

j. Awarding Plaintiffs three times actual damages, pursuant to Tex. Bus. Com. Code § 17.50(h);

k. Awarding Plaintiffs any attorney's fees and costs incurred in this action;

l.  Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

m.  Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury of all issues so triable as a matter of law.

Dated: October 1, 2012

Respectfully Submitted,

_____
Israel Garcia Jr.
115 Evening Star Circle
Red Oak, Texas 75154
972-816-6374

_____
Melissa R. Garcia
115 Evening Star Circle
Red Oak, Texas 75154
972-816-6374

# DUSTIN T. DUDLEY
### ▲ ATTORNEY AT LAW ▲
In House Counsel
Primary Financial Services, L.L.C.

November 11, 2010

Israel Garcia Jr
Garcia, Melissa R
115 Evening Star Cir
Red Oak, TX 75154-6541

    Creditor: Wells Fargo Bank, N.A.
    Account: 89666178161540001
    Balance: $17,018.68

Dear Israel Garcia Jr,

    Your account has been referred to Primary Financial Services' in-house legal department for further activity. I have reviewed your account and believe you have the ability to satisfy your obligation.

    Please contact me immediately to resolve this matter. If you fail to make acceptable arrangements within the next 20 days, I will provide Primary Financial Services with my recommendation that a civil lawsuit be filed against you to collect the outstanding balance owed on your account.

    Hopefully we can work together to reach a voluntary resolution of your outstanding balance. I await your decision.

                                       Sincerely,

                                       Dustin T. Dudley
                                       In House Counsel
                                       Primary Financial Services

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Primary Financial Services, L.L.C.
3115 North 3rd Avenue  Suite 112  Phoenix, AZ 85013
Telephone (602) 279 - 4558   Facsimile: (602) 279 - 0091

## Exhibit B



# JENKINS | BABB, LLP

**Robert E. Jenkins**
Attorney
Member of TX and CA Bar
Robert@JenkinsBabb.com

January 14, 2011

**ADDRESS SERVICE REQUESTED**
Israel Garcia Jr.
115 Evening Star Cir.
Red Oak, TX 75154

**CERTIFIED MAIL #7009 0960 0000 1569 8240**
**RETURN RECEIPT REQUESTED**
**AND U.S. FIRST CLASS MAIL**

**ADDRESS SERVICE REQUESTED**
Melissa R. Garcia
115 Evening Star Cir.
Red Oak, TX 75154

**CERTIFIED MAIL #7009 0960 0000 1569 8257**
**RETURN RECEIPT REQUESTED**
**AND U.S. FIRST CLASS MAIL**

Re: **DEMAND FOR PAYMENT**
Creditor: Wells Fargo Bank, N.A.
Type of Account: Personal Loan Agreement
Account number: 661-78161540001
Our file number: 5-117

Dear Mr. and Mrs. Garcia:

We represent Wells Fargo Bank, N.A. on the above referenced account. This letter serves to advise you that you are currently indebted to Wells Fargo Bank in connection with the account described above. As of April 16, 2010, the principal amount owed was $15,954.32, reflecting the unpaid principal balance and charges. This amount continues to accrue. Because of the necessity of retaining this firm to collect this debt, payment in the additional amount of $100 as attorney's fees must also be tendered at this time. The amount of the attorney's fees will increase if a lawsuit is filed.

We are required by law to inform you that we, on behalf of Creditor, are attempting to collect a debt. Any information obtained will be used for the purpose of collecting the debt described in this letter. Unless within 30 days of your receipt of this notice, you notify us that you dispute the validity of this debt or a portion of it, the debt will be assumed to be correct. If you notify us within 30 days that this debt or a portion of it is disputed, we will obtain verification of the debt. If you request it within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

Israel Garcia Jr.
Melissa R. Garcia
January 14, 2011

    Demand is now made for payment of the above-referenced debt. In order to resolve the past due amount without further legal action, you must remit payment in the amount of $15,954.32, plus 13% interest on this principal amount from April 17, 2010 through date of payoff, and $100 for attorney's fees, within forty (40) days from the date of this letter. The exact amount necessary to pay in full the past due amounts owed on the above-referenced indebtedness may be obtained by calling me at the telephone number below. Payment should be in the form of a cashier's check or other certified funds made payable to Wells Fargo Bank, N.A., and delivered to the following:

Robert E. Jenkins
Jenkins | Babb, LLP
2727 LBJ Freeway, Suite 900
Dallas, Texas 75234
214-220-2022

    I am authorized to make only one demand for payment. If your payment is not received, and if no arrangements are made to satisfy the debt, within 40 days from the date this claim is presented to you, we will proceed to file a lawsuit to collect this debt by all lawful means and through all remedies available at law. If we are required to file suit, we will seek the recovery of additional attorney's fees, court costs, and postjudgment interest, in addition to the principal of the debt, interest and fees.

    If you are a debtor in a bankruptcy proceeding subject to the provisions of the United States Bankruptcy Code (Title 11 of the United States Code) [the "Code"], this letter is merely intended to be written notice that formal demand has been made in compliance with the Account and Texas law. This letter is not an act to collect, assess or recover a claim against that party, nor is this letter intended to violate any provisions of the Code. Any and all claims asserted against that party will be properly asserted in compliance with the Code in the bankruptcy proceeding.

    Please see the Fair Debt Collection Practices Act Notice enclosed herewith.

    If you have any questions, please do not hesitate to call or write.

Sincerely,

Robert E. Jenkins

REJ/lo
Enclosure

cc:   Margaret Morrissey                                                                  *Via Email*

## FAIR DEBT COLLECTION PRACTICES ACT NOTICE

Pursuant to the FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1601, *et seq.*, we are providing you with the following notice in connection with the collection of all indebtedness and obligations evidenced by or securing payment of the Personal Loan Agreement described in the letter accompanying this notice (the "Note"):

1. You may dispute the validity of the above described indebtedness or any portion thereof. Unless you do so, within thirty (30) days after your receipt of this letter, we will assume that such debt is valid and correct. If written notification that you dispute the validity of such indebtedness or any portion thereof is received from you by Creditor within such thirty (30) day period, verification of such debt will be immediately mailed to you.

2. One purpose of this communication is to collect the sums due pursuant to the Note and any information obtained will be used for that purpose.

3. You have the right to bring a court action to assert the non-existence of a default or any other defense that may exist.

4. This notice of default and demand for payment is given as an accommodation, and the delivery hereby does not and shall not be deemed to constitute a waiver by the Creditor of any of its rights or interests, except as specifically set forth in the Note and instruments securing the Note, without any presentment, demand, protest, or other notice of any kind to you, other than notices required by applicable law.

5. If you, or any of the other parties who are liable for the payment of the indebtedness evidenced by the Note in accordance with the terms thereof, are or have been debtors in proceedings under the United States Bankruptcy Code (the "Bankruptcy Code"), please be advised that this letter is not intended to be a demand for payment outside of Bankruptcy Court jurisdiction or an attempt to collect any indebtedness that has been validly discharged in bankruptcy. This letter is not intended to violate any provision of the Bankruptcy Code or the order of any Court. Any and all claims that Lender asserts against any debtors in bankruptcy proceedings will be properly asserted in compliance with the Bankruptcy Code in such bankruptcy proceedings.

## CERTIFICATE OF SERVICE

The undersigned certifies that on this __1__ day of __October__ 2012 a true and correct copy of the foregoing document was mailed by USPS first class mail to the parties below:

_____
Israel Garcia Jr.

Keith Wier
Bush & Ramirez LLC
5615 Kirby Drive, Suite 900
Houston, Texas 77005

JENKINS/BABB LLP
2727 LBJ Freeway, Suite 900
Dallas, Texas 75234

Robert E. Jenkins
2727 LBJ Freeway, Suite 900
Dallas, Texas 75234

Jason Babb
2727 LBJ Freeway, Suite 900
Dallas, Texas 75234