**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ISRAEL GARCIA, JR. AND MELISSA R. GARCIA**<br>**Plaintiffs,**<br><br>**v.**<br><br>**JENKINS | BABB, LLP, ROBERT E. JENKINS, JASON BABB, PRIMARY FINANCIAL SERVICES, MARGARET MORRISSEY, CHRIS GILBERT, DUSTIN T. DUDLEY, ATTORNEY AT LAW, DUSTIN T. DUDLEY, AND BILLI J. (GENESER) GANNON**<br>**Defendants** | **Civil Action No. 3:11-cv-03171-N-BH** |

**DEFENDANTS JENKINS | BABB, LLP, ROBERT E. JENKINS, and JASON BABB'S**
**MOTION TO DISMISS THIRD AMENDED COMPLAINT**
**PURSUANT TO FRCP 12(b)(6) AND BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW JENKINS | BABB, LLP (Jenkins/Babb), ROBERT E. JENKINS (Jenkins),

and JASON BABB (Babb) (collectively "Defendants"), three of the defendants in the above-styled

cause and file this Motion to Dismiss Third Amended Complaint and hereby move for dismissal of

Plaintiffs Israel Garcia, Jr.'s and Melissa R. Garcia's (Plaintiffs) claims against Defendants with

prejudice and without leave to amend, and respectfully shows the Court the following:

**I. Introduction**

1.      The Third Amended Complaint is the *purported pro se* Plaintiffs' **fourth bite at the apple**.

(doc. 49.) In its Order Accepting Findings and Recommendation of the United States Magistrate,

this Honorable Court granted Defendants' Motion to Dismiss Pursuant to FRCP 12(b)(6),

dismissing Plaintiffs' Fair Debt Collections Practices Act (FDCPA) claims against Defendant with

prejudice for failure to state a claim upon which relief can be granted. (doc. 48 at 1.) After noting

that Plaintiffs had attempted two putative amendments that failed to cure the deficiency in their

pleadings regarding Defendants' status of debt collectors and that Plaintiffs now had the benefit of

the FCR explanation of the deficiency regarding debt collector status, the Court granted Plaintiffs leave to amend their complaint. (doc. 48 at 2.)

2.      Despite the Court's lenity and the guidance of the FCR, Plaintiffs' Third Amended Complaint does not state a plausible FDCPA claim against Defendants because it does not allege sufficient **facts** to support that Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6), that Defendants were collecting a "debt" as defined by 15 U.S.C. § 1692a(5), or that Defendants failed to validate the debt as required by § 15 U.S.C. § 1692g(b). Additionally, as to Babb, Plaintiffs' Third Amended Complaint does not state a plausible FDCPA claim because it does not allege sufficient facts to support the claim that Babb's actions while collecting the debt violated § 1692d, § 1692e, or § 1692g where there are no factual allegations of any conduct by Babb.

3.      Notably, Plaintiffs' Third Amended Complaint filed on October 1, 2012 is virtually identical in substantive pleadings to its prior Amended Complaint. (*See* doc. 6 and doc. 49.) Plaintiffs' have merely manipulated large paragraphs into multiple smaller paragraphs to apparently create the appearance of new and different pleadings. Plaintiffs' actual new allegations merely consist of **eight** statements that are labels and conclusions, and formulaic recitations of the elements, which are specifically set forth verbatim in bold below in the Statement of Underlying Facts.

## II. Procedural History and Statement of Underlying Facts

4.      On November 16, 2011, Plaintiffs filed suit for violations of the FDCPA and under the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act. (*See* doc. 3.) On December 8, 2011, before service on the defendants, Plaintiffs filed their Amended Complaint. (*See* doc. 6.)

5.      On January 3, 2012, Defendants filed their Motions to Dismiss Pursuant to FRCP 12 (b)(6). (*See* doc. 14, doc. 15, and doc. 16.)

6.      On January 23, 2012, Plaintiffs filed their Second Amended Complaint (doc. 23), which was dismissed by the Order dated January 25, 2012.  (*See* doc. 26.)

7.      On February 13, 2012, Plaintiffs filed their Responses to the Motions to Dismiss. (*See* doc. 35, doc. 36, and doc. 37.)

8.      On July 31, 2012, the Findings, Conclusions, and Recommendation (FCR) recommended Defendants' Motions to Dismiss be granted with prejudice and the Court decline to exercise supplemental jurisdiction over Plaintiffs' state claims. (*See* doc. 44.)

9.      On September 5, 2012, the Order Accepting Findings and Recommendation of the United States Magistrate Judge dismissed Plaintiffs' claims with prejudice and declined to exercise supplemental jurisdiction over Plaintiffs' state claims, but granted Plaintiffs leave to amend.

10.     On October 1, 2012, Plaintiffs filed their Third Amended Complaint. (*See* doc. 49.) The facts that Defendants can discern from Plaintiffs' Third Amended Complaint are as follows with Plaintiffs' **eight new allegations** being set forth in bold:

11.     **JENKINS/BABB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.** (doc. 49 at 2.) **JENKINS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.** (doc. 49 at 3.) **BABB uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.** (doc. 49 at 3.)

12.     **Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than the Defendants.** (doc. 49 at 5.) **Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property,**

**insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants.** (doc. 49 at 5.)

13.     On or about January 18, 2011, Plaintiffs received a collection notice dated January 14, 2011 from Jenkins/Babb for an Acct. #661-78161540001 in the amount of $15,954.32 alleged to be owed to Wells Fargo Bank, N.A. (doc. 49 at 7.) **In the second paragraph of JENKINS' letter it stated in part: "We are required by law to inform you that we, on behalf of Creditor, are attempting to collect a debt. Any information obtained will be used for the purpose of collecting the debt described in this letter."** (doc. 49 at 7.)

14.     On January 26, 2011, Plaintiffs sent a demand for validation of the alleged debt and a demand to cease and desist from further collection activity until the validation was provided. (doc. 49 at 8.) Plaintiffs received a reply dated February 15, 2011 from Jenkins/Babb consisting of a number of copies of various documents that appeared to relate to the alleged loan and a document referred to as a "transaction statement" among other things. (doc. 49 at 8.)

15.     On March 31, 2011, Plaintiffs were served with a lawsuit filed by Jenkins/Babb signed by Jenkins in a Texas state court with Wells Fargo Bank, N.A. as the plaintiff. (doc. 49 at 9.)

16.     On August 15, 2011, Jenkins filed in the state court litigation a motion for summary judgment, a copy of which was sent to Plaintiffs. (doc. 49 at 9.)

17.     **Upon information and belief, JENKINS/BABB, BABB and JENKINS were not attempting to collect the alleged debt directly representing WELLS FARGO BANK, N.A. as they stated but instead were attempting to collect on the alleged debt for the benefit of PRIMARY and/or other unknown entity(ies) and acting in a deceptive manner by doing so.** (doc. 49 at 10.)

18.     On October 5, 2011, Plaintiffs appeared in the hearing for summary judgment and the state

court entered summary judgment in favor of Wells Fargo Bank, N.A. (doc. 49 at 11.) After the state court entered the judgment against Plaintiffs and after the summary judgment hearing had concluded, Plaintiffs allege that Jenkins made an oral threat to them. (doc. 49 at 11.)

19.     Plaintiffs allege that Jenkins/Babb sent them a threatening letter in response to a "Notice of Intent to Sue" sent by Plaintiffs stating their intent to file a federal lawsuit for violations of the FDCPA, TDCPA, and DTPA. (doc. 49 at 10.)

20.     Plaintiffs plead that at all times relevant to this action Babb, as principal of Jenkins/Babb was aware or should have been aware of the actions taken by Jenkins and Jenkins/Babb and is liable in all respects for damages incurred by Plaintiffs as a result of their actions. (doc. 49 at 11.) **BABB had a duty to oversee the actions of other partners or principals and employees of JENKINS/BABB and of the firm itself to assure they did not violate any state or federal statutes or laws and BABB breached said duty by failing to do so.** (doc. 49 at 11)

### III. Standard of Review

21.     Defendants hereby adopt by reference the "Standard of Review" in their prior Motions to Dismiss previously filed on January 13, 2012 (doc. 14 at 2-4, doc. 15 at 2-4, and doc. 16 at 2-4) as if fully set forth herein. Because Plaintiffs allegations again fail to meet the requirements set forth in *Iqbal* and *Twombly,* the Third Amended Complaint fails to state valid claims and should be dismissed with prejudice. *See Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

### IV. Arguments and Authorities

A.     <u>**Plaintiffs' Attempted Cause of Action Under the FDCPA Fails as to Defendants**</u>

22.     Plaintiffs' Third Amended Complaint does not contain sufficient facts that, when accepted as true, state a claim for relief under the FDCPA that is plausible on its face because Plaintiffs do not allege sufficient **facts** to support the claim that Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6), that Defendants were collecting a "debt" as defined by 15 U.S.C. § 1692a(5), or that Defendants failed to validate the debt as required by § 15 U.S.C. § 1692g(b). *See*

Fed.R.Civ.P. 8(a); *Iqbal*, 129 S. Ct. at 1949.

**Third Amended Complaint Lacks Sufficient Facts as to "Debt Collector" Status**

23.     The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692(a)(6). The Third Amended Complaint alleges serially that each of the Defendants are each a "'debt collector' as defined by 15 U.S.C. § 1692a(6)". (doc. 49 at 2-3.) It also recites that Defendants were "at all relevant times was engaged, by the use of the mail and telephone, in the business of attempting to collect a 'debt' from Plaintiffs, as defined by 15 U.S.C. § 1692a(5)." (doc. 49 at 2-3.)  One of very few new allegations in the Third Amended Complaint is that each of the Defendants "uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another." (doc. 49 at 2-3.) The only other allegations pertaining to the Defendants purported collection activity are as follows:

> Sent a collection notice to Plaintiffs;
> Replied to Plaintiffs' request for validation by providing a number of copies of various documents and a document referred to as a "transaction statement";
> Filed a lawsuit against Plaintiffs for Wells Fargo;
> Filed a Motion for Summary Judgment; and
> Appeared at the hearing on the summary judgment motion at which time the state court entered judgment against Plaintiffs.

(doc. 49 at 7-9, 11.) Plaintiffs' description of Defendants as "debt collectors" is a legal conclusion which courts are not bound to accept as true. *Iqbal*, 556 U.S. at 678. The same is true with regard to the assertions that each Defendant was "at all relevant times was engaged, by the use of the mail and telephone, in the business of attempting to collect a 'debt' from Plaintiffs, as defined by 15 U.S.C. § 1692a(5)" and "uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to

collect, directly or indirectly, debts owed or due, or asserted to be owed or due another."

24.     The factual allegations in the Third Amended Complaint are insufficient to establish that the Defendants were either engaged "in any business the principal purpose of which is the collection of any debts" or that they "regularly collect or attempt to collect . . . debts." This failure is fatal to the FDCPA claims against Defendants under *Iqbal*. *See* 556 U.S. at 678 (a plaintiff must plead sufficient factual matter to state a claim); Guidry, 954 F.2d at 281 (well-pleaded facts needed to avoid dismissal). Because the Third Amended Complaint fails to plead sufficient facts to establish Defendants as "debt collectors" as defined under the FDCPA, the Court should again dismiss Plaintiffs' FDCPA claim against Defendants with prejudice pursuant to FRCP 12(b)(6).

### Third Amended Complaint Lacks Sufficient Facts as to "Debt" Status

25.     The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692(a)(5). The Third Amended Complaint alleges serially that each of the Defendants "were attempting to collect a 'debt' from Plaintiffs, as defined by 15 U.S.C. § 1692a(5)." (doc. 49 at 2-3.) It also recites that in one of the very few new allegations in the Third Amended Complaint that "Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendants, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants." (doc. at 5.)

26.     Plaintiffs' description of Defendants attempting to collect a "debt" is a legal conclusion which courts are not bound to accept as true. *Iqbal*, 556 U.S. at 678. The same is true with regard to the assertions that Plaintiffs' obligation "arises from a transaction in which the money, property,

insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiffs incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants."

27.     The factual allegations in the Third Amended Complaint are insufficient to establish that the Defendants were collecting on an obligation "to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692(a)(5). This failure is fatal to the FDCPA claims against Defendants under *Iqbal*. *See* 556 U.S. at 678; Guidry, 954 F.2d at 281. Because the Third Amended Complaint fails to plead sufficient facts to establish Defendants were collecting on a "debt" as defined under the FDCPA, the Court should again dismiss Plaintiffs' FDCPA claim against Defendants with prejudice pursuant to FRCP 12(b)(6).

### Third Amended Complaint Lacks Sufficient Facts as to "Failure to Validate Debt"

28.     The Third Amended Complaint does not state a plausible claim for relief under the FDCPA because it does not allege sufficient **facts** to support the claim that Defendants failed to validate the debt.

29.     The FDCPA states that if a debt is disputed, "the debt collector will obtain verification of the debt, or a copy of a judgment against the consumer and a copy of such verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(a)(4). Verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the creditor is claiming is owed. *See Chaudhry v. Gallerizzo*, 174 F. 3d 394, 406 (4th Cir. 1999); *Azar v. Hayter*, 874 F. Supp. 1314, 1317 (N.D. Fla.), aff'd, 66 F.3d 342 (11th Cir.1995), cert. denied, 516 U.S. 1048 (1996). There is no concomitant obligation to forward copies of bills or other detailed evidence of the debt. *See* Chaudhry v. Gallerizzo, 174 F.3d 394, 406 (4th Cir. 1999), cert.

denied, 528 U.S. 891 (1999).

30.     The Third Amended Complaint alleges that on January 26, 2011, Plaintiffs sent a demand for validation of the alleged debt and that Plaintiffs received a reply dated February 15, 2011 from Jenkins/Babb consisting of a number of copies of various documents that appeared to relate to the alleged loan and a document referred to as a "transaction statement" among other things. (doc. 49 at 8.) Because the Third Amended Complaint fails to plead sufficient facts to establish Defendants failed to validate the debt as defined under the FDCPA, the Court should again dismiss Plaintiffs' FDCPA claim against Defendants with prejudice pursuant to FRCP 12(b)(6).

**B.     Plaintiffs' Attempted Cause of Action Under the FDCPA Fails as to Babb**

31.     Plaintiffs have not alleged any **action or conduct** by Babb to serve as the basis of an FDCPA claim. The Third Amended Complaint alleges "at all times relevant to this action Babb, as principal of Jenkins/Babb was aware or should have been aware of the actions taken by Jenkins and Jenkins/Babb and is liable in all respects for damages incurred by Plaintiffs as a result of their actions. (doc. 49 at 11.)

32.     Much to Plaintiffs' dismay, **a**n individual cannot be held personally liable for the debt collection actions of a corporation merely by virtue of his status as an officer, director, or shareholder. See *Musso v. Seiders*, 194 F.R.D. 43, 46 (D.Conn. 1999); *White v. Goodman*, 200 F.3d 1016, 1019 (7th Cir.2000) ("The Fair Debt Collection Practices Act is not aimed at the shareholders of debt collectors operating in the corporate form unless some basis is shown for piercing the corporate veil.") As such, all FDCPA claims against Babb should be dismissed with prejudice.

**C.     The Court Should Not Exercise Supplemental Jurisdiction**

33.     Because all Plaintiffs' FDCPA claims should be dismissed for the reasons set forth above, the Court has the discretion of whether to exercise supplemental jurisdiction over Plaintiffs' attempt to plead state law claims under the Texas Debt Collection Practices Act and the Texas Deceptive Trade Practices Act. (doc.  49 at 12-14.) When the Court dismisses the federal claims at a

preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because the federal claims in Plaintiffs' Third Amended Complaint are subject to dismissal at the initial pleading stage, Defendants respectfully request that the Court not exercise supplemental jurisdiction over Plaintiffs' state claims.

### V. PRAYER

WHEREFORE, because Plaintiffs have failed to state any claims for violations of the FDCPA, TDCA, or DTPA, Defendants' Motion to Dismiss pursuant to FRCP 12(b)(6) should be granted and Plaintiffs' claims against Jenkins/Babb, Jenkins, and Babb should be dismissed with prejudice. Additionally, Defendants request for such other and further relief at law, and in equity, as is just.

*Respectfully submitted*,

By: */s/ Robert E. Jenkins*_____
    ROBERT E. JENKINS
    Texas State Bar No. 24036842
    Robert@JenkinsBabb.com
JENKINS | BABB, LLP
2727 LBJ Freeway, Suite 900
Dallas, Texas 75234
214.220.2022 - Telephone
866.379.3294 - Toll-Free Fax
**Attorneys for Defendant Jenkins | Babb, LLP, Robert E. Jenkins, and Jason Babb**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served on the following parties and counsel of record as indicated below on the same date:

| | |
|---|---|
| Israel Garcia, Jr. | W. Keith Weir |
| Melissa R. Garcia | Bush & Ramirez, LLC |
| 115 Evening Star Cir. | 5615 Kirby, Suite 900 |
| Red Oak, Texas 75154 | Houston, TX 77005 |
| *Via First Class Mail and* | *Via ECF* |
| *and CM/RRR #7009 0960 0000 1569 5881* | |

Date: 10/15/12_____           */s/ Robert E. Jenkins*____