IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISRAEL GARCIA JR., et al., | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:11-CV-3171 |
| vs | § § | |
| JENKINS \| BABB, LLP, et al. | § § § | |
| Defendants. | § | |

**PLAINTIFFS' SUR-REPLY TO DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

1. Defendants' reply [Doc. 62] provides new evidence and legal theories regarding the FDCPA statute of limitations based on the alleged letter dated August 4, 2010.

2. Defendants provide the Affidavit of Marcia Hopkins (Hopkins).

3. The Hopkins Affidavit states that every statement contained in the affidavit is based on her personal knowledge and is true and correct however the statements made in the affidavit clearly show otherwise. Other statements necessary to form a foundation for the statements made in the affidavit are conspicuously absent as well.

    (a) Hopkins fails to state that she was employed by Primary Financial Services, LLC at the time the events alleged to have taken place occurred. She also fails to state what position she held at the time of the alleged actions and what duties, responsibility and authority she had at that time.

    (b) Hopkins states that the alleged letter dated August 4, 2010 was prepared by Primary Financial Services, LLC and was placed in an envelope addressed to the Plaintiffs at their home address. Only a natural person, not a corporation, can prepare

a letter which is usually done with the assistance of a computer or typewriter. Hopkins does **NOT** state that **she** personally prepared the letter and that **she** personally placed the alleged letter into an envelope addressed to 115 Evening Star Circle, Red Oak, TX 75154. Neither does Hopkins identify by name any other person(s) who took those actions, or who personally caused them to be taken, if it wasn't her. Her statements are obviously conclusory and hearsay where she, in fact, has NO firsthand knowledge of the actions allegedly taken and her statements should not be considered by the Court.

(c) Hopkins further states in her affidavit that the letter and the envelope containing it were picked up by Primary Financial Services, LLC's courier and taken to a post office for mailing. Hopkins does not state **she** personally placed the envelope containing the letter in the custody of the courier or identify who did so if it was not her. She also fails to state on what exact date those actions allegedly took place. Hopkins also fails to identify the name of the courier service used by Primary Financial Services, LLC nor does she identify the name of the employee of the courier service into whose custody the envelope was allegedly placed. Her statements are obviously conclusory and hearsay and should not be considered by the Court.

(d) Hopkins also states that the envelope was taken by the courier to the post office but does not state that she accompanied the courier to the post office to witness his/her actions of doing so firsthand. She also fails to state that she personally witnessed the envelope being placed in the custody of the United States Postal Service (USPS) either by hand delivery to a clerk or by being deposited into an authorized USPS drop facility at any location. Unless Hopkins was present at the

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent to the parties listed below by USPS First Class Mail.

Robert E Jenkins
JENKINS|BABB, LLP
2727 LBJ Freeway Suite 900
Dallas, Texas 75234

Keith Wier
BUSH & RAMIREZ
5615 Kirby, Suite 900
Houston, Texas 77005

Dated May 28, 2013

Israel Garcia Jr.