IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ISRAEL GARCIA JR., et al.,** | § § § | |
| Plaintiffs, | § § | Civil Action No. 3:11-CV-3171 |
| vs | § § | |
| **JENKINS | BABB, LLP, et al,** | § § | |
| Defendants. | § § § | |

## PLAINTIFFS' RESPONSE TO MAGISTRATE JUDGE'S FINDINGS, CONCLUSIONS AND RECOMMENDATIONS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW the Plaintiffs, Israel Garcia Jr. and Melissa R. Garcia who hereby submit their response to the Findings, Conclusions and Recommendations of the Magistrate Judge as to the Motion to Dismiss Third Amended Complaint by Jenkins/Babb, LLP, Robert E. Jenkins, and Jason Babb and state as follows:

### I. INTRODUCTION

1. November 16, 2011 Plaintiffs filed suit for Violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., Texas Debt Collection Practices Act (TDCPA) and the Texas Deceptive Practices Act, against JENKINS | BABB, LLP (Jenkins/Babb), Robert E Jenkins (Jenkins) , Jason Babb (Babb) (*Jenkins Defendants*), Dustin T. Dudley (Dudley), Dustin T. Dudley, Attorney at Law (Dudley Law Firm), Primary Financial Services

(Primary), Margaret Morrissey (Morrissey), Chris Gilbert (Gilbert), (*Phoenix Defendants*) and Billi J Geneser Gannon (Gannon). (*See* doc. 3)

2. December 8, 2011 Plaintiffs filed their First Amended Complaint before service was made on any Defendants.

3. On January 3, 2012 Defendants Jenkins/Babb, Jenkins, and Babb filed Motions to Dismiss Pursuant to FRCP 12(b)(6). (*See* doc. 13, 14, 16)

4. February 13, 2012 Plaintiffs timely filed a Response to Defendants Jenkins/Babb, Jenkins, and Babb's Motions to Dismiss. (*See* doc. 35, 36, 37)

5. Gannon was dismissed as a Defendant in this suit on March 21, 2012.

6. On July 31, 2012 the Magistrate Judge filed her Findings, Conclusions and Recommendations as to the Jenkins/Babb, Jenkins, and Babb *first* Motion to Dismiss. (*See* doc. 44)

7. August 30, 2012 Plaintiffs filed their Response to the Magistrate Judge's Findings, Conclusions and Recommendations. (*See* doc. 47)

8. On September 5, 2012 the Court issued an Order Accepting the Findings and Recommendations of the United States Magistrate Judge and granted Plaintiffs leave to amend their Complaint to correct deficiencies identified by the Court. (*See* doc. 48)

9. October 1, 2012 Plaintiffs filed their Third Amended Complaint. (*See* doc. 49)

10. On October 15, 2012 Defendants Jenkins/Babb, Jenkins, and Babb once again filed a Motion to Dismiss Pursuant to FRCP 12(b)(6). (*See* doc. 51)

11. November 5, 2012 Plaintiffs filed their Response to Defendants' *second* Motion to Dismiss. (*See* doc. 55)

12. On June 13, 2013 the Magistrate Judge filed her Findings, Conclusions and Recommendations as to the Motion to Dismiss Third Amended Complaint by Jenkins/Babb, Jenkins, and Babb. (*See* doc. 66)

## II. ARGUMENTS AND AUTHORITIES

**Standard for Dismissal**

13. Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Rule 12 (b)(6) motions are disfavored in the law, and a court will rarely encounter circumstances that justify granting them. *Mahone v. Addicks Utility District of Harris County*, 836 F.2d 921, 926 (5th Cir. 1988). A court may dismiss a claim only when it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations found in the complaint. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). A motion to dismiss should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim that would entitle him or her to relief. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). The claimant is not required to set out in detail the facts upon which the claim is based. Rather, the rules require that the claim simply give the defendant "fair notice." *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination*, 507 U.S. 163, 168 (1993). Further, a court may not look beyond the pleadings. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). The court must accept as true the allegations in the complaint, and must view the allegations in the light most favorable to the plaintiff. *Id.* The allegations in the claim need only give the defendants fair notice of the nature of the claim and the grounds on which it rests. See *Mahone*, 836 F.2d at 926. If the

factual allegations in Plaintiffs' complaint support any legal theory that entitles Plaintiffs to some relief, the court should overrule Defendants' motions. Complaints should be construed liberally in favor of the plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000). The granting of a motion to dismiss is a harsh remedy. It is without dispute that it must be cautiously studied, both to effectuate the spirit of the liberal rules of the pleading and to protect the interest of justice. *Carlson v. U.S. ex rel U.S. Postal Service*, 248 F. Supp. 2d 1040 (N.D. Okla. 2003). "A complaint need not set down in detail all the particularities of a plaintiff's claim, but must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quotation omitted). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. [A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of

what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Id.* at 555. "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no need for detailed factual allegation or specific facts that describe the evidence to be presented. *Id.* A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct" *Ashcroft v. Iqbql*, 129 S. Ct. 1937, 1950 (2009). Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

14. In the Order of the Court granting the first motion to dismiss, the Plaintiffs were granted leave to amend their complaint as requested to correct the deficiencies identified in their complaint by the Magistrate.

15. Plaintiffs did, in fact, correct the deficiencies as set out in the Magistrate Judge's Findings, Conclusions and Recommendation and the subsequent Order granting the motion with leave to amend. The deficiency identified by the Magistrate and the basis on which the Court granted the *first* motion to dismiss was stated: "The factual allegations in the amended complaint are insufficient to establish that any of the Jenkins/Babb Defendants were either engaged 'in any business the principal purpose of which is the collection of any debts' or that they 'regularly collect or attempt to collect . . . debts.' This failure is fatal to the claim

against them under *Iqbal*." The Court also applied that determination to the other Defendants as well although it denied *their* motion to dismiss.

16. After the Plaintiffs filed their Third Amended Complaint the Jenkins/Babb Defendants filed their *second* motion to dismiss. The Phoenix Defendants filed an Answer rather than another motion to dismiss. The Plaintiffs filed their response and opposition to the Jenkins Defendants' motion to dismiss on November 5, 2012. The Plaintiffs note that it took over seven months for the Magistrate Judge to make her Findings, Conclusions, and Recommendations on the Jenkins/Babb Defendants motion to dismiss. Plaintiffs also find it interesting and perplexing that the arguments for dismissal are completely divorced from those cited in the first Findings and Conclusions. The Magistrate Judge once again recommends dismissing the Plaintiffs' claims against the Jenkins Defendants but on wholly different grounds than those identified in her previous Findings, and Conclusions when the only changes of substance made to their complaint were the addition of exhibits and correction of the specified deficiencies.

**Issues on Which the *Second* Motion to Dismiss is Recommended to be Granted.**

**A. Liability under the FDCPA as to Defendant Babb.**

17. The Magistrate states that as to Defendant Babb, the Plaintiffs have not established that he is a debt collector because they identified no specific actions by Babb that he was involved in relating to the debt collection efforts against the Plaintiffs. (*See* doc. 66 pg. 10 ¶3) Without discovery the Plaintiffs would obviously be in no position to know precisely what actions Babb was actually engaged in or any actions by others that he condoned the conduct of or were directed by him as a principle of Jenkins/Babb. It was not Jenkins individually who was retained to bring the action against the Plaintiffs in the state court but it was instead

6

Jenkins/Babb where Babb was a principal. In a small law firm partnership with two principals such as Jenkins/Babb it is more than likely and even logical that each of the principals are aware of the activities of the other in the firm and act in concert with each other to at least some degree in making decisions on who to represent and who to litigate against for their clients. (*See* doc. 55 ¶35, 36) Plaintiffs, not being mind readers, would have no way to know precisely what actions or oversight Babb would have been involved in without the benefit of at least being allowed to obtain written or oral deposition testimony of Babb as to who their client factually was as well as other pertinent facts relevant to the collection actions taken against the Plaintiffs **by the partnership**. Jenkins operated as the agent of the partnership at all times in the collection efforts against the Plaintiffs with all communications made under the Jenkins/Babb, LLP name but that in no manner precludes Babb from having been involved in a material way in the collection actions taken by the partnership against the Plaintiffs. The Eleventh Circuit has held that partners of a debt collector limited partnership may be held jointly and severally liable for the partnership's conduct regardless of whether they personally violated the FDCPA and whether or not they are debt collectors *LeBlanc v. Unifund CCR Partners* 601 F.3d 1185, 1201, 1202 (11th Cir. 2010) (applying Ohio partnership law selected by Florida choice of law rules). Additionally the Magistrate has cited Louisiana District Court case law in support of her Findings and Conclusions which is improper stating "[t]he Fifth Circuit has not yet ruled on the issue of whether, and under what circumstances, a partner in a limited liability partnership can be held personally liable for FDCPA violations committed by his partnership or another partner in his partnership." Louisiana operates under Nepoleonic law rather than the Common Law like Texas which is derived from British Common Law and there are substantial differences between the two.

She also cites a decision by the Southern District Court of Texas in support of the Plaintiffs' argument. *Bray v. Cadle Co,* No. CIV.A. 4:09-CV-663, 2010 WL 4053794, at *7 (S.D. Tex. Oct. 14, 2010). It is improper at the notice pleading stage to dismiss Babb as a Defendant without the benefit of discovery by the Plaintiffs to establish additional facts relevant to his activities within the partnership in its collection actions against them. The Court should allow liberal pleading at the notice stage and Justice Scalia confirmed this understanding when he asserted that "[l]iberal construction of pro se pleadings is merely an embellishment of the notice-pleading standard set forth in the Federal Rules of Civil Procedure." *Castro v. United States,* 540 U.S. 375, 386 (2003) (Scalia, J., concurring in part and concurring in judgment).

### B. "Consumer Debt" under the FDCPA.

18. The argument raised by the Jenkins/Babb Defendants that the Plaintiffs have not stated a claim because their "factual allegations ... are insufficient to establish that [the Jenkins/Babb Defendants] were collecting" a "debt" as the term is defined by the Act" lacks merit.

19. The Magistrate states in her findings "The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." The Plaintiffs have, in fact, alleged EXACTLY that THEIR OBLIGATION arose in the precise manner stated in 15 U.S.C. 1692a(5). The exact words of 15 U.S.C. 1692a(5) are: "The term 'debt' means any **obligation or alleged obligation of a consumer** to pay money arising out of a <u>transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household</u>

purposes, whether or not such obligation has been reduced to judgment." The EXACT WORDS of ¶28 of the Plaintiffs' Third Amended Complaint are: ***Plaintiffs' obligation, or alleged obligation,*** owed or due, or asserted to be owed or due a creditor other than Defendants, ***arises from a <u>transaction in which the money, property, insurance or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes</u>*** and **Plaintiffs incurred the obligation**, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than the Defendants. (*See* doc. 49 ¶28) (emphasis added) The Plaintiffs did not just give the language of the statute. The Plaintiffs VERY CLEARLY IN THE FIRST TWO WORDS OF THEIR ALLEGATION stated they were referring to **THEIR OBLIGATION** that was identified as a **debt** in the previous paragraph and also stated "Plaintiffs incurred the obligation...." later in the same paragraph.

20. The Magistrate Judge also goes on to state: "In turn, "consumer" is defined as "any natural person obligated or allegedly obligated to pay any debt." The Plaintiffs clearly allege that they are natural persons obligated, or alleged to be obligated, to pay a **debt** in their Third Amended Complaint (See doc. ¶27) wherein they state: "***Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt*** owed or due, or asserted to be owed or due a creditor <u>other than the Defendants</u>." (emphasis added)

21. The Plaintiffs **specifically allege** their status as consumers in their Third Amended Complaint (*See* doc. 49 ¶5) wherein they state "Plaintiffs are *consumers* as defined by the FDCPA, 15 U.S.C. 1692a(3) and the Texas Business and Commerce Code § 17.50(a)(1) and Texas Finance Code § 392.001(1)." (emphasis added)

22. The Magistrate Judge erroneously states as to the Plaintiffs: "They argue in their response brief that the debt is a 'consumer debt' because it arises from a 'personal loan agreement'

9

(doc. 55 at 9)." (*See* doc. 66 pg. 14) **NO such statement or argument was made in said paragraph or any other paragraph of the Plaintiffs' response brief.**

23. The Jenkins/Babb Defendants NEVER made any argument that the debt they were attempting to collect was a business or commercial debt rather than a consumer debt. Plaintiffs find it interesting that the Magistrate Judge takes it upon herself to "shop for alternative possibilities" as to what use COULD have been made of the funds resulting from the debt that would disqualify it as a consumer debt. The Plaintiffs straightforwardly allege the debt was incurred for household purposes which, **when proven,** will show it was a consumer debt. How is it that the Magistrate Judge takes it upon herself to conjur up the idea of some possible alleged use of the funds other than for personal and household purposes that would disqualify the Plaintiffs claim? NOTHING has been alleged or even suggested by the Defendants as to the use of the funds in any of their pleadings. There is no legitimate basis whatsoever for the Magistrate Judge's actions in doing so other than to manufacture some alleged basis, albeit faulty, to dismiss the Plaintiffs case **again**. It would appear that the Magistrate Judge refused to construe **any measure of truth whatsoever** to the well-pleaded and truthful allegations made by the Plaintiffs in their Complaint when there are absolutely NO allegations that the debt at issue was not a consumer debt. The Plaintiffs are WELL prepared to **prove** the debt was, in fact, a consumer debt as defined by the statute when the appropriate time comes in the case. Proof of all aspects of the case is NOT required at the notice pleading stage of a case. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). The cases cited by the Magistrate Judge in her Findings and Conclusions are not at all relevant or analogous to the instant case. In *Bloom v. IC Sys.,*

*Inc.,* 753 F. Supp. 314, 317 (D. Or. 1990) there was no motion to dismiss granted and in fact, the case went forward into discovery where deposition evidence then showed that Bloom had used the account for business purposes which negated his claim of consumer debt covered by the FDCPA. Is the Magistrate Judge making the blanket assumption that the Plaintiffs did likewise? In *Shapiro v. Haenn,* 222 F. Supp. 2d 29, 40 (D. Me. 2002), "the documents identified the "Primary Purpose of the Loan" as "Business (Including Real Estate Investment)," as opposed to "Personal, Family or Household Purposes or Personal Investment." This case also went through discovery rather than ending at the notice pleading stage with a motion to dismiss. There is nothing presented or alleged in the instant case **anywhere** that could logically lead the Magistrate Judge to construe the case and actions of the Plaintiffs to be similar to either of these cases. Does the Magistrate Judge just assume that the Plaintiffs have acted similarly and their case should just be dismissed now before any more of the Court's time and judicial resources are expended? The Plaintiffs cannot help but wonder if that might be the case given the reasoning shown.

24. It would seem that the Magistrate Judge is reaching for the stars to find some type of convoluted explanation of how the well pleaded facts presented by the Plaintiffs about the **consumer debt** can be misconstrued and disregarded and the case can be dismissed with prejudice. Doing so not only defies the intent of Congress to allow consumers to enforce their rights under the FDCPA through the courts but additionally flies in the face of the intent in the Supreme Court Ruling in *Haines v. Kerner* that *pro se* pleadings should be given *some* latitude in how they are interpreted.

### C. State Law Claims

25. **Supplemental Jurisdiction** Pursuant to § 1367(a) the federal courts "have supplemental jurisdiction over all other claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Very simply, the federal claims made by the Plaintiffs should not be dismissed because they have, in fact, stated a claim upon which relief can be granted relating to the Jenkins/Babb Defendants and as a result the Court should retain jurisdiction over all state law claims and they should not be dismissed.

26. **Sua Sponte Dismissal** The Court notes that the Jenkins/Babb Defendants do not address the merits of the Plaintiffs' state law claims under the TDCPA and the DTPA. The Court notes that it may *sua sponte* dismiss those claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as Plaintiffs are given notice of the Court's intention and an opportunity to respond. Again the Plaintiffs state that as shown above they have clearly stated a claim upon which relief can be granted and *sua sponte* dismissal of claims would be improper, prejudicial to the Plaintiffs, and deny them their due process right to have their claims heard by a jury of their peers.

27. **TDCPA - Stand-Alone Claim under the TDCPA** The Magistrate Judge states that the complaint "asserts a claim against the Jenkins/Babb Defendants under § 392.304(a)(19) of the TDCPA for 'using false representation[s] or deceptive means to collect a debt or obtain information concerning [Plaintiffs]. (doc. 49 at 12)'" This statement is correct insofar as the Plaintiffs did assert a claim against the Jenkins/Babb Defendants under § 392.304(a)(19) of the TDCPA but they did NOT assert such claim *Id.* at 12. The claim was asserted *Id.* at 70. The claim was also made *Id.* at 41 where the stated allegations about false, deceptive and

misleading misrepresentations were explicitly made but the Plaintiffs, in error, failed to specify Tex. Fin. Code § 392.304a(19) along with § 392.304(8) in that paragraph. For a debt collector's statement to constitute a misrepresentation under § 392.304(a), the debt collector "must have made a false or misleading assertion." *Sanghera v. Wells Fargo Bank, N.A.* No. 3:10-CV-2414-B, 2012 WL 555155, at *9 (N.D. Tex. Feb. 21, 2012). The proper allegations were made *Id.* at 41 and the specific actions that led to the alleged violations were alleged in the preceding paragraphs. In light of the fact the Jenkins/Babb Defendants failed to address the Plaintiffs' claims under the TDCPA and DTPA and Plaintiffs have shown they were properly pleaded albeit with one minor error, the claims should not be dismissed.

28. **"Tie-In" Claims Under the DTPA** The Plaintiffs have made a proper claim under the DTPA and have properly alleged above that they are consumers under both the FDCPA and the DTPA. Plaintiffs have also properly and clearly asserted that the goods and services acquired as a result of the debt at issue in the instant case were for personal, family, or household purposes. Contrary to the Magistrate Judge's erroneous statement in doc.66 at pg.21 where it was stated: "In their response brief, they allege that the "debt" was "a result" of a 'personal loan agreement' (doc. 55 at 9).." **the Plaintiffs state they made no such statement or allegation in said paragraph or any other paragraph of the Plaintiffs' response brief to that effect.** Contrary to the Magistrate Judge's statement "because they concede that their sole objective was to borrow money rather than to seek or acquire goods or services, they fail to show their consumer status under the DTPA....." The Plaintiffs made no such statements or concessions of the type alluded to by the Magistrate Judge at ANY time in any of their pleadings.

13

29. **Opportunity to Amend**  The Magistrate Judge has once again recommended that the Plaintiffs' claims against the Jenkins/Babb Defendants be dismissed with prejudice. The Plaintiffs have been down this road once before when the Magistrate Judge recommended dismissal of their claims with prejudice citing ONLY their lack of proper pleading of debt collector status of the Defendants. Having properly amended their Complaint to correct the deficiency previously identified by the Court and making other minor changes and corrections they now find themselves with much greater headwinds and numerous roadblocks placed before them that magically appeared AFTER they amended their Complaint to satisfy a pleading standard not previously articulated by the Court.

30. The Plaintiffs can't help but wonder what good does it do to amend a complaint when the shifting sands relating to notice pleading continually bring you new obstacles to overcome that don't make sense as in this case. The Plaintiffs simply seek to be heard regarding their claims and have their opportunity to PROVE their case which they most certainly can, if given the chance. If every single fact and bit of evidence to be had is required at the notice pleading stage to survive a motion to dismiss, where is the need for trial? If all the facts have to be laid out and proven in the beginning is there any need for the rest of the process? "In order to plead a right to relief, the pleader must first know the essential elements upon which his claim or claims will be based. Plaintiff is not required to allege the existence or nonexistence of each and every factor that might affect the outcome of the litigation; some matters are considered defenses to be raised by the defendant in the answer. How does one draw the line between factors that must be raised by the party seeking relief and those that constitute affirmative defenses? The general rule is that a party bears the responsibility for pleading those matters upon which that party must produce proof at trial. If plaintiff in the

complaint was required to raise and overcome every conceivable defense, not only would the complaint be unnecessarily long but one could never be certain just what defenses were seriously in contention. Friedenthal § 5.15; see, e.g. *Gomez v. Toledo*, 446 U.S. 635 (1980).

31. The Plaintiffs are fully aware that the notice pleading standards changed dramatically from the days of Conley in 1957 to Twombly in 2007 and then Iqbal in 2009 with Iqbal changing the pleading landscape for ALL litigants, but *especially consumer litigants*, in a very dramatic way. The rate of granted 12(b)(6) motions in "Consumer Credit" cases soared from 47% under Conley and Twombly to 92% under Iqbal.[1] The instant case could be but one more example of that horrific statistic when it should not be. How can 92% of the cases *legitimately* be that poorly pled that they fail to state a claim even when a good share of the cases are represented rather than *pro se*? How does that statistic square with the intent of Congress when they passed the consumer protections laws such as the FDCPA so that consumers could seek redress in the courts? That statistic would indicate that the intent of Congress and the needs of the consumer are being ignored in a rather substantial manner. One July 10, 2013 the FTC announced the newest settlement with a debt collector and that debt collector, Expert Global Solutions, is the largest debt collector in the world. The penalty they pay is 3.2 million dollars which is virtual chump change for a company with billions in revenue. The worst part is that not one nickel goes to a consumer for the harm they have incurred. The dismissal rate of consumer credit complaints skyrocketing to 92% after Iqbal coincides with the virtual explosion of abusive debt collection practices by companies such as Expert Global Solutions, the Midland Companies under Encore, and the Sherman Financial Group. Their bad behavior in abusing consumers will continue until such time as the judicial

---

[1] See Patricia W. Hatamyer, *The Tao of Pleading: Do* Twombly *and* Iqbal *Matter Empirically?*, 59 AM. U.L. REV. 609 (2010)

system sees fit to allow meritorious claims such as this one to go forward to force changes in their collection operations and a reduction in the abuse of consumers in the collection process.

32. The Plaintiffs have read MANY consumer complaints and attendant documents done by both attorneys and pro se litigants in an effort to learn to properly operate within the guidelines of the judicial system. As the Court can plainly see, the Plaintiffs are NOT the run of the mill *pro se* litigants many of which waste the valuable time and resources of the judicial system. As has been stated in affidavit form to this Court, ALL pleadings, including this one, filed with the Court by the Plaintiffs have been done with no assistance whatsoever of anyone who is or has been an attorney, has attended law school or any formal paralegal training classes. The Plaintiffs are self taught and consult with and discuss with numerous other pro se litigants how to properly plead before the Court. Plaintiffs are also very aware of the severe issues that the sequester has created in the judicial system and do not wish to place any unnecessary burden on the Court but simply want to be properly treated and their well pleaded complaint heard. In the event the Court finds that the Plaintiffs once again have somehow failed to state a claim as to the Jenkins/Babb Defendants they request the Court once again grant them leave to amend but while doing so give specific guidance as to how to correct all deficiencies identified in their Complaint so they can "get it as right as it needs to be" and have their claims go forward for a fair hearing by a jury of their peers.

WHEREFORE, the Plaintiffs respectfully request that this Honorable Court DENY the Jenkins/Babb Defendants' Motion to Dismiss and if deemed necessary, grant them leave to amend their Complaint to correct all deficiencies. Plaintiffs further request that should it

be necessary to amend their complaint and they be granted leave to do so that they be given proper guidance in doing so by the Court.

                                      Dated: July 11, 2013

                                      Respectfully Submitted,

                                      _____
                                      Israel Garcia Jr.
                                      115 Evening Star Circle
                                      Red Oak, Texas 75154
                                      972-816-6374


                                      _____
                                      Melissa R. Garcia
                                      115 Evening Star Circle
                                      Red Oak, Texas 75154
                                      972-816-6374

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been sent to the parties listed below by USPS First Class Mail.

Robert E. Jenkins
JENKINS|BABB, LLP
2727 LBJ Freeway Suite 900
Dallas, Texas 75234

Keith Wier
Bush & Ramirez, LLC
5615 Kirby Dr., Suite 900
Houston, Texas 77005

Dated July 11, 2013

_____
Israel Garcia Jr.

18